# JANUARY TERM, 1863, AT LANSING.

The People on the relation of James A. Rogers v. The Board of Canvassers of Kent County.

Under a law authorizing the election of two Circuit Court Commissioners an election was held, but it was conducted in all respects as if one only was to be chosen: two persons were opposing candidates, and each elector voted for one of the two, but in no instance did a ballot contain more than one name for this office. It was *held* that only the one receiving the highest number of votes was chosen, and as to the other there was a failure to elect, and it remained vacant.

*Heard January 7th. Decided January 13th.*

Motion for a mandamus to compel the Board of Canvassers of Kent County to certify to the election of the relator as Circuit Court Commissioner for such county at the annual election held in October, 1862. It appeared by the application, and by the affidavits in opposition, that the notice of election given by the sheriff was first for an election of two Circuit Court Commissioners, but it was soon changed to one; that the general understanding was that only one was to be chosen; that Eben Smith, junior, and the relator were respectively nominated and voted for by opposing parties; that the former received 3,108 and the latter 2,614 votes, no elector naming more than one person for this office on his ballot, and that the Board of Canvassers declared Smith duly elected, but refused to make a similar declaration on behalf of the relator.

The relator claimed to be elected under sections one and two of act No. 232 of the Laws of 1861. No action was ever taken by the Board of Supervisors under the first section of that act for the election of a Commissioner at any spring election preceding December 31, 1862. The census of 1860 showed a population of over 20,000 in Kent county. The relator was an attorney at law, and had tendered the official oath and bond required by the statute.

*H. B. Brown*, for the motion.

*A. B. Maynard*, contra.

CAMPBELL J.:

An election was held in Kent County in the fall of 1862, for Circuit Court Commissioners, at which 5,722 votes were cast; of which 3,108 were cast for Eben Smith junior, and 2,614 for the relator. The Board of Canvassers certified to Smith's election, but refused a certificate to Rogers, who asks a mandamus to compel them to certify in his behalf also; on the ground that by the statute two Commissioners were required to be chosen — the county having more than 20,000 inhabitants.

The statute of 1861 is by no means free from ambiguity; but we are very strongly inclined to the opinion that it does require two Commissioners to be elected in such counties, at the election in the fall of 1862, and subsequently. The first section allowed the supervisors, in 1861 or 1862, to direct a special election should they see fit; but the incumbent elected at such special election could not hold beyond the year 1862. It would be extremely desirable to have the statute so amended as to dispose of the doubts to which the ambiguous language may give rise in other cases.

When we look at the number and character of the ballots cast in Kent county, we are forced to the conclusion that there has been a failure to hold an election for more

than one Commississioner. The affidavits of outside under standing, and of the several party nominations, and of the sheriff's various notices, are not admissible to determine the rights of the relator, although they would, if received, corroborate the evidence of the ballots themselves. The ballots show that in no single instance did any person vote for more than one candidate. This being the case it would be absurd to assume that an election was held to fill more than one office. There has been as to the other a failure to hold an election; and that office therefore remains vacant. As there is no pretence that Smith was not properly elected, the relator is clearly not entitled to relief.

The application must be denied, with costs.

MARTIN CH. J. and CHRISTIANCY J. concurred.

MANNING J.:

I think the facts clearly show that it was the intention of the electors to elect one Circuit Court Commissioner, and no more. If the county was entitled to two under the act — which I am inclined to think is not the case, as there had been· no action of the board of supervisors—I am at a loss to know how we can elect another, or compel the Board of County Canvassers to give a certificate of election to one who has been rejected by the people.

*Mandamus refused.*