The opinion of the court was delivered by
Brewer, J.:
This is an original action in the nature of quo warranto, brought to determine the right of the respective parties to the office of a justice of the peace of Soldier township, Shawnee county. The facts in relation thereto appear in the following agreed statement of facts:
“It is agreed, that on the 4th of April, 1871, S. C. Gregg was elected a justice of the peace in Soldier township, and that a certificate of election to serve as such justice for the period of two years was issued to him by the board of county commissioners of said county, under the seal of the county clerk; that the said S. C. Gregg duly qualified and exercised the duties of said office until sometime in September' or October of that year (1871,) when he resigned; that.J. B. *566 Evans, the defendant in this action, was appointed by James M. Harvey, the then governor of the state of Kansas, to fill the vacancy occasioned by Gregg’s resignation, as. provided by law; that on the 14th of November 1871, the said Evans filed his bond, and was duly qualified as a justice of the peace under the said appointment; that at the next regular election held in said Soldier township, on the 2d of April 1872, the said J. B. Evans was duly elected a justice of the peace, the returns of said election not showing that he had been elected to fill a vacancy; and that a certificate of election was issued to him by the board of canvassers, on the 9th of April 1872, authorizing him to exercise the duties of said office for a period of two years therefrom; that on 1st of April 1873, at the regular election then held in said Soldier township, M. M. Hale (the plaintiff,) and J. M. 'Wilkinson, were elected justices of the peace for said township, and that a certificate of election was issued to each of them by the said board of canvassers authorizing each of them to hold and exercise the duties of a'justice of the peace for said township for a period of two years from the date thereof; that on the certificate of M. M. Hale it was noted that he was the successor of J. B. Evans; that the said M. M. Hale duly qualified; that the said Evans has refused to deliver up the books of said office to either the plaintiff or J. M. Wilkinson, but still continues to hold and exercise the duties of the office of a justice of the peace for said Soldier township.
“ It is further agreed that the said Soldier township was organized, and the first election therein for justice of the peace was held, and all proceedings thereunder were had, as alleged in defendant’s answer, at the time therein stated.”
So far as the question turns upon the facts stated in the first part of this agreed statement there is at present no room for controversy under the decisions already made by this court. (Watson v. Cobb, 2 Kas., 32; Bond v. White, 8 Kas., 333; Frazer v. Miller, supra, 459.) The election in 1872 was only to fill a vacancy, and the term of Evans expired in April 1873. The form of the certificate to Evans, while it may be prima faaie evidence, is not conclusive. The facts which show the duration of the term may always be shown, and when shown, control. The facts, set forth in the answer and referred to in the latter part of the agreed statement, are, *567 that Soldier township was organized April 2, 1860, and the first election therein was ordered for the 14th day of April, 1860, being the second Tuesday in April. At that election two justices of the peace were elected, and certificates issued to them for the term of two years. The inference sought to be drawn from this is, that every second year thereafter would be the time for the regular election of justices in that township; and therefore, that in 1872 Evans was properly elected for a full term, and the real mistake was in the certificate to Gregg in 1871. The first and a sufficient answer to this is, that under the law in force at the time of the organization of Soldier township, only one of the first justices was elected for a term of two years, the other justice being elected for the term of only one year. Subsequently each justice was to be elected for a term of two years. (Laws 1859, p. 644, §§ 55, 56; Laws 1860, p. 229, § 2; id., p. 233, § 22.) Probably other equally sufficient answers might be given.
Counsel for defendant says -that plaintiff’s case is based upon the assumption that Evans was elected the successor of Gregg, while the agreed statement does not show such to have been the fact. There is force in this suggestion, and it throws doubt on the case. Yet we think the agreed statement by fair intendment shows that he was elected such successor, and that the parties so understood in preparing the agreed statement.
Judgment will be entered in favor of the plaintiff for the possession of the office, and books and papers, and for costs.
All the Justices concurring.