## WILLIAM H. ODELL v. EDWARD J. DODGE.

1. JUSTICES OF THE PEACE, *Chosen at First Election, hold for Unexpired Term Only.* Barton county was organized May 16th 1872. Great Bend township was organized May 23d, and the first election held in said county and township was on July 1st. At this election county and township officers were elected, among which were two justices of the peace for said Great Bend township: *Held,* That, (under the rule prescribed by section 8, page 251, Gen. Stat.,) the justices elected at the first election held on said 1st day of July 1872 were elected to hold their offices only until the next annual township election to be held in April 1873, and until their successors were elected and qualified.

2. ———— *First Full Term.* The justices elected in and for said township at the election in April 1873 were elected for a full term of two years.

3. ———— *To Fill Vacancy.* An election held in April 1874 in said township for justices was a nullity, unless it was to fill vacancies; and even if it was to fill vacancies the terms of those elected would expire in 1875.

4. ———— *Regular Elections for Justices of the Peace.* The elections for justices of the peace, and other township officers, held in November 1875, was valid, and a person duly elected to the office of justice of the peace for said Great Bend township at said election is entitled to the docket, books, papers, etc., pertaining to the office, and may recover them from one who wrongfully withholds the same from him. The regular time for electing justices for said Great Bend township is at the regular township election in each alternate year, commencing with the year 1873.

*Original Proceedings in Quo Warranto.*

ODELL, as plaintiff, brought his action of *quo warranto* against *Dodge,* to determine his right to the office of justice of the peace of Great Bend township, Barton county. His petition was filed December 1st, 1875. All the necessary facts are stated in the opinion.

*C. P. Townsley,* for plaintiff.

*Clayton & Clayton,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This is an original action in the nature of *quo warranto*. The action was commenced for the purpose of having the question determined, whether the plaintiff Odell, or the defendant Dodge, is entitled to the office of justice of the peace for the township of Great Bend, Barton county. This is the only question in the case. The facts upon which this question depends are substantially as follows: Barton county was organized May 16th 1872. Great Bend township was organized May 23d, and the first election held in said county and township was on July 1st. At this election county and township officers were elected, among which were two justices of the peace for said Great Bend township, one of whom was the defendant Dodge. All these proceedings were had under the acts relating to the organization of new counties. (Gen. Stat. 249, et seq.; Laws of 1872, p. 243.) At each of the next two annual township elections held in said township, to-wit, on the first Tuesday of April 1873, and on the first Tuesday of April 1874, two justices of the peace were elected for said township, (provided of course that justices of the peace were to be elected at such elections,) one of whom was the defendant Dodge, who each time qualified and accepted the office. No election was held in April 1875, for before that time the legislature so changed the law that the annual township election is held on the Tuesday succeeding the first Monday in November of each year. (Laws of 1875, p. 128.) At the annual township election held on the Tuesday succeeding the first Monday in November 1875, (which was also the day on which the general election was held,) four different candidates were voted for, for the office of justice of the peace for said township; and if that was the proper time for holding elections for said offices the plaintiff Odell, and one Sells, were duly elected such justices, and the defendant Dodge and the other candidate were defeated. Both Odell and Sells qualified—Sells becoming his own successor, and the county commissioners designating Odell as the successor

of Dodge, and causing a certificate to that effect to be entered in the docket kept by Dodge. (Gen. Stat. 817, § 194.) Odell then demanded the docket, books, papers, etc., pertaining to the office, and Dodge refused to give them up. Dodge claims that on July 1st 1872 he was elected for a full term of two years, less the time that had elapsed between the first Tuesday of April of that year, and said 1st day of July; that his term did not expire until the first Tuesday of April 1874, when he was reëlected for another full term, and that his second term will not expire until the holding of the annual township election for the year 1876; and therefore, that the election of Odell in 1875 was a nullity. The only defect in this reasoning is in the starting-point; but that is fatal. Dodge was not elected for a full term in 1872, but only to hold his office until the next annual township election. Section 8 of the act authorizing the election upon which the whole claim of the defendant is founded, and at which he was elected in 1872, provides that "Any person elected to a township office at the first election shall, when qualified as the law directs, continue to hold his office until the next annual township meeting, and until his successor shall be elected and qualified; and all county officers shall, in like manner, hold until the next general election, and until their successors shall be elected and qualified." (Gen. Stat. 251.) Said § 8 has been held to be constitutional and valid with reference to county officers. (*Hagerty v. Arnold*, 13 Kas. 367.) And hence it must also be held to be constitutional and valid with reference to township officers. For every ground upon which said section may be claimed to be unconstitutional, or invalid, when applied to township officers, may be interposed with equal or greater force when the section is applied to county officers. We suppose that it is admitted, that justices of the peace are township officers. (Const., art. 3, § 9; art. 9, § 4; Gen. Stat. 1083, ch. 110, §§ 3, 4, 5.) Now the regular term of office for a justice of the peace is two years. (Const., art. 3, § 9.) And all the justices for any given township, when elected for full terms must be

elected in the same year, and at the same election. That is, they must all be elected at a regular township election held in each alternate year. (Gen. Stat. 1083, § 4.) But which of the alternate years — whether the election is to be held in the even years, or in the odd years — is nowhere designated by either the constitution or the statutes. We therefore think it follows from the foregoing premises, as necessary and logical sequences, that the justices elected in Great Bend township in April 1873 were properly elected at that time; that they were then each elected for a full term of two years; that they were the first justices elected for full terms in said township; that the first Tuesday of April 1873 was the first regular election for the election of justices for full terms in said township; and therefore, that the regular times for holding elections for the election of justices of the peace for full terms in said township has been and will be at the regular township election held every alternate year commencing in April 1873. And therefore it further follows, that the election of justices of the peace at the township election held in November 1875 was regular and valid as to time — that the plaintiff Odell was duly elected to said office, and is entitled to the docket, books, papers, etc., pertaining to the office, and that the defendant Dodge wrongfully withholds the same from him. The election for justices in said township in 1874 was a nullity, unless it was to fill vacancies. And even if it was to fill vacancies, the terms of those elected would expire in 1875. (*Hale v. Evans*, 12 Kas. 562.) So in any event, the election of Odell in 1875 was valid. For a further discussion as to the times when justices of the peace are to be elected, see case of *Wood v. Bartling*, ante, p. 109.

Judgment will be rendered for the plaintiff.

All the Justices concurring.