E. R. JONES V. ANSEL GRIDLEY.

1. JUSTICES OF THE PEACE; *Chosen at November Election; When Term Commences.* Where a township was organized in October.1871, the first regular election for justices of the peace thereof was in April 1872. Thereafter such elections are to be held in each alternate year, and the election for these officers for 1876 was properly had on the Tuesday succeeding the first Monday of November of that year; and the persons legally chosen at such November election, as justices of the peace, were entitled to enter upon the discharge of their duties as such officers upon duly qualifying according to the statute.

2. ELECTION; *Notice; Duty of Sheriff; Township Election.* Section 5 of the act regulating elections provides it shall be the duty of the sheriff, fifteen days at least before the holding of any general election, to give public notice by proclamation throughout his county of the time of holding such election, and the officers at that time to be chosen. The act of 1875 makes the township elections holden on the same day of the general election, and the notice of the sheriff required by said section 5 should contain all the officers to be chosen at such election, including the district and township officers.

3. ———— An election for township officers at the regular election, held on the Tuesday succeeding the first Monday in November 1876, is not void merely for want of the statutory notice.

4. OFFICIAL BOND OF JUSTICES; *Omission to File.* The acts relating to township officers make no provision for any of the offices therein named becoming vacant on the refusal or neglect of the officer elected to give the official bond within the time prescribed by law; but no such officer is entitled to assume the discharge of the duties of the office to which he is elected until he has filed his oath of office and his official bond, or either, when they are required by the statute.

### *Error from Sumner District Court.*

QUO WARRANTO, brought by *Gridley,* to determine the right to the office of justice of the peace, which was claimed by both *Jones* and *Gridley. Jones* was in possession. The district court, at April Term 1877, decided in favor of *Gridley,* and rendered judgment of ouster against *Jones,* and the latter now brings the case here on error.

*Charles Wilsie,* for plaintiff in error.

*Hackney & McDonald,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 10th of February 1877, Ansel Gridley filed his petition in the district court of Sumner county, against E. R. Jones, to obtain the office of justice of

Statement of the case.
the peace for Oxford township in said county, alleging, among other things, that Oxford township was duly organized as a municipal township in the month of October 1871, and that the first general election for township officers held in said township was held on the first Tuesday of the month of April 1872; that at the general election of November 1876, Ansel Gridley, E. R. Jones, and one George T. Walton were candidates for the office of justice of the peace for Oxford township, and at such election said Gridley received forty-seven votes, said Walton twenty-one votes, and said Jones three votes; that on the 10th of November 1876, said Gridley and said Walton received certificates from the county clerk of Sumner county, notifying them that at said general election they were elected justices of the peace for Oxford township in said county; that on the

38—20 KAS.

23d of said November said Gridley filed his oath of office and official bond in the office of the clerk of said county of Sumner; that on the 3d day of January 1877, the official bond of Gridley was examined by the board of county commissioners of Sumner county, and by said commissioners was declared to be insufficient in form, and further time granted to file a sufficient bond; that on the 17th of said January Gridley filed an additional bond, sufficient in form, with the said county clerk, which last-mentioned bond was approved by the board of county commissioners on the 3d of February 1877. To said petition, Jones filed his answer alleging, among other things, as follows: *First:* At the general election in November 1875, notice was given the electors of said Oxford township, by proclamation of the sheriff of said county, that there was to be elected at the said election a justice of the peace for said township, and at said election, he, the said E. R. Jones, was elected justice of the peace for said township for the full term of two years, commencing in the month of April 1876, as the successor of one Joseph Sleigh, who was elected justice of the peace for Oxford township in April 1874 for the full term of two years; and that by virtue of said election in November 1875, he was peaceably and quietly exercising and enjoying said office of justice of the peace for said Oxford township. *Second:* The official bond said to have been filed by Ansel Gridley on the 23d of November 1876 was an insufficient bond, and not such an one as the statutes required — the substance of the said bond being to the effect, that the said Ansel Gridley was bound in the sum of one thousand dollars "to do his duty as justice of the peace of Oxford township," and that said bond was by the county commissioners of said Sumner county, and on the 3d of January 1877, declared to be insufficient, and unconditionally rejected, and that further time was *not* given him to file an additional bond. *Third:* At the time said Gridley claims to have been elected, no notice was given to the electors of Oxford township that there was a justice of the peace to be elected for said township, and at said election the electors of

said township did not know there was a justice of the peace being voted for. There were, at the time of said election, one hundred and ninety-two electors in Oxford township, and one hundred and seventy-two votes were polled at said election in said township, and the votes cast at said election for Gridley for justice of the peace were quietly, fraudulently, underhandedly, and unbeknown to defendant Jones, and to the great mass of the voters of Oxford township, worked up by Gridley, and the will of the great mass of the voters of said township was defeated at said election by reason of the electors of said township having no notice that there was a justice of the peace for Oxford township being voted for. To this answer Gridley demurred. The demurrer was sustained, and judgment rendered for Gridley, the defendant in error, and against Jones, the plaintiff in error.

I. The township of Oxford having been organized in October, 1871, the first regular election for justices of the peace thereof was held in April 1872, and thereafter elections could be held in each alternate year. (*Odell v. Dodge,* 16 Kan. 446.) Joseph Sleigh was elected justice for Oxford township in April 1874, and he was entitled to his office for two full years, to-wit, until April 1876; but section 1 of ch. 92, laws of 1875, changed the annual township election from April to the Tuesday succeeding the first Monday in November; and instead of holding the township election in Oxford township in April 1876, it was properly held in November of that year, and the persons elected as justices of the peace in November 1876, were entitled to hold their offices for two years after having duly qualified as provided by sections 16 and 19 of the act relating to township officers. If the plaintiff in error was elected in November 1875, to fill the vacancy of Joseph Sleigh, then, as he could only hold during the unexpired term of said justice, and until his successor had qualified, upon the qualification of Gridley he should have surrendered up his office. The act of 1875 expressly continued the terms of the township officers, expiring upon the election and qual-

<span style="font-variant: small-caps;">1. Justices of the peace; commencement of term.</span>

ification of their successors in April 1875, till after the township election in November of that year; and those township officers, whose term of office, prior to the adoption of that statute, would have expired in April 1876, were by said act necessarily continued in office until their successors were elected and qualified at the election held in November of that year. The act did not contemplate nor provide for the election in November 1875 of those township officers, whose regular term of office would expire in April 1876, and the plaintiff in error, under an election held in November 1875, had no right to retain possession of his office against the defendant in error, duly elected in November 1876. Township officers hold their offices for the terms for which they are elected, and until their successors are elected and qualified.

II. The answer attempted to show the election of Gridley was void because of the paucity of votes cast at the election, and the want of notice. Section 5 of the act relating to elec-

2. Election notice; duty of sheriff. tions, (Gen. Stat. 404,) provides, it shall be the duty of the sheriff, fifteen days at least, before the holding of any general election to give public notice by proclamation throughout his county, of the time of holding such election and the officers at that time to be chosen. By the laws of 1875, the township elections are holden at the same time of the general elections, hence, the notice of the sheriff, required by said section 5, should contain *all* the officers to be chosen at such election, and this would include not only the district officers, but the township officers. But the want of notice is not alone sufficient, where the law fixes the

3. Omission to give notice. time for holding the election, to invalidate it. Although the regular elections for justices of the peace may be held in the various cities and townships in the state in different years, still, if the body of voters are not misled by want of such notice, or if a large majority simply refuse to vote, because of a difference of the construction of the law, and have actual or constructive notice of the election, the election will not be void. Again, if the electors generally participate in the election, such election, if held at the

time fixed by the law, will be valid, in the absence of any statutory notice or proclamation. In this case, the record shows that Gridley received forty-seven votes, George T. Walton, twenty-one, and E. R. Jones, three. The whole number of votes cast was one hundred and seventy-two. There is no allegation in the answer that the electors of Oxford township had no knowledge of an election for justices of the peace at said November election, and if it was intended to make this issue, this pleading should have contained such an averment. The statement that the electors "did not know there was a justice of the peace *being voted for*," and that the votes polled for the defendant in error were "quietly, underhandedly, and unbeknown to plaintiff," so cast, were immaterial allegations, and presented no defense to the petition, nor any issuable fact concerning the knowledge of the voters of an election for justices of the peace at such time. All persons are presumed to know the law; and although voters who receive no notice, actual or constructive, probably cannot be required to take notice as to which alternate years justices are to be elected, still, as it was incumbent on the defendant in the court below, under the pleadings, to have averred the want of knowledge on the part of electors that justices of the peace were then to be elected, the failure so to do rendered the statements of the defense incomplete, and the demurrer to such portion of the answer was properly sustained. Sufficient facts to have vitiated the election were not averred. The case of *Wood v. Bartling*, 16 Kas. 109, is not applicable, as in that case there was in fact no election for a second justice of the peace. Only one justice of the peace was voted for. Three-fourths of the electors voted against Wood, and less than one-fourth voted for him.

III. It is further urged, that the failure of Gridley to qualify within the exact terms of the statute, barred him from any privilege he might have been entitled to, even if his election was valid. It appears from the record that he was notified of his election on the 10th of November 1876, that on November 23d

*Omission of voters to vote.*

*4. Official bond of justices of the peace.*

he filed his oath of office, and a certain bond. This bond, instead of complying with the statutory form, was substantially to the effect that Gridley was bound in the sum of one thousand dollars "to do his duty as justice of the peace of Oxford township." On the 3d of January 1877, the county commissioners declared this bond insufficient, and on January 17th a new bond was filed by Gridley in full compliance with the statute. Under these facts, Gridley did not vacate his office. There is no provision of law in the acts relating to township officers, that the neglect or refusal to deposit or file the official bond within the time prescribed vacates the office, hence the case of *The State v. Matheny*, 7 Kas. 327, does not apply.

At the time the action was brought in the court below, the defendant in error was entitled to the office in controversy, and the judgment of that court must be affirmed.

BREWER, J., concurring.

VALENTINE, J.: I concur in the decision in this case; but I doubt the correctness of the statement made in the last clause of the second paragraph of the syllabus, and also the corresponding statement in the opinion.