PEOPLE ex rel. PIERCE v. GUGGENHEIMER et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. MANDAMUS—SERVICE ON CORPORATIONS.

Under Code Civ. Proc. §§ 2070, 2071, providing that a peremptory writ of mandamus can only be issued on notice given to the corporation, board, or person to whom the writ is directed, and that, where a board consisting of more than three members is created by law, and has a chairman

appointed by law, service may be upon such chairman, service on the presidents of the council and of the board of aldermen of the city of New York, naming the members as the council and as the board, is a good service.

**2. SAME.**

In Code Civ. Proc. § 2071, providing that, where a board consisting of more than three is created by law, with a president, who is "appointed pursuant to law," service of a writ of mandamus to the board may be on such president, the word "appointed" is not technical, and includes those elected.

**3. APPEAL AND ERROR.**

On appeal from an order adjudging members of the legislative assembly of the city of New York guilty of contempt in not complying with a writ of mandamus directing them to issue corporate stock in payment of certain debts, the question that the writ was an infringement upon the legislative functions of the assembly cannot be raised.

Appeal from special term, New York county.

Appeal from an order adjudging that Joseph Cassidy, William A. Doyle, Martin F. Conly, and Bernard C. Murray, four members of the municipal council of the city of New York, were guilty of contempt of court in failing to comply with the terms of a peremptory writ of mandamus directing them and the other members of the council to assemble, and authorize the comptroller of the said city to issue certain corporate stock for the purpose of paying to the relator certain sums earned by him under a contract with the corporation. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William J. Kelly, for appellants.

L. Laflin Kellogg, for respondent.

BARRETT, J. The question here is whether the court had jurisdiction to grant the writ. If it had, the order appealed from was right. The appellants contend, and correctly, that a peremptory writ of mandamus cannot be granted ex parte. It can only be issued upon notice of the application given "to the corporation, board, or other body, officer or other person, to which it or to whom it is directed." Code Civ. Proc. § 2070. The appellants were not personally served with notice of the application for the writ. The proceeding was instituted by an order to show cause, and that order was served upon the president of the council and upon the president of the board of aldermen. The council and the board of aldermen constitute the municipal assembly of the city of New York. The order to show cause was not directed to the council and board of aldermen as municipal bodies eo nomine, but to the individuals composing these boards in their official capacity; that is, to the members (naming them) as the council and as the board of aldermen. This practice was correct. Each of these boards consists of more than three members. Where that is the case, and the board is created by law, and has a chairman or other presiding officer "appointed pursuant to law," sections 2070 and 2071 of the Code of Civil Procedure authorize service of the motion papers upon such chairman or presiding officer; and the service upon these officers is, in that case, declared to be suf-

ficient. As the motion papers here were duly served upon the presidents both of the council and the board of aldermen, the writ was accordingly granted upon the notice which is prescribed by law. Indeed, the only point made against the service is that the president of the council is not "appointed pursuant to law," for the reason that he is an elective officer. There is no force in this contention. The word "appointed" was not here used in a narrow or technical sense. It certainly does not contemplate an executive appointment. What is plainly meant is a chairman or presiding officer for whom the law has made provision; that is, one who holds his position, not by the mere courtesy of his fellow members, but either under direct legislative mandate or by selection under legislative requirement.

The only other point presented by the appellants which need be noted is that the writ was an infringement of the legislative powers of the municipal assembly. This question cannot be raised upon the present appeal. The court had jurisdiction to determine whether the act in question was legislative or ministerial; and it accordingly did determine—upon the notice required by law, and after hearing the corporation counsel, who is the exclusive legal adviser of the municipal assembly (Laws 1897, c. 378, § 255)—that the required act was ministerial, and, consequently, that its performance was not discretionary, but mandatory. That adjudication can only be questioned upon a direct appeal from the order granting the writ. Upon the present motion, the affidavits show that the writ of peremptory mandamus was personally served upon the appellants, and that, with full notice of the contents thereof, they failed to obey its mandate. The papers upon this motion to punish for contempt were also personally served upon the appellants, and they were heard by counsel. The punishment inflicted was, under the circumstances, quite moderate. Imprisonment might well have been added. The disobedience of the writ was coupled with observations disrespectful to the court, and the entire action of the board, with the duty of obedience plainly before it, was perverse and rebellious.

It follows that the order appealed from was right, and should be affirmed, with costs. All concur.