[Civ. No. 1038.  First Appellate District.—September 19, 1912.]

## C. A. ODELL, Appellant, v. CHARLES J. RIHN et al., Respondents.

ELECTION OF JUSTICE OF PEACE FOR CITY OF RICHMOND—PROCLAMATION FOR SINGLE JUSTICE—UNDERSTANDING OF VOTERS—SECOND JUSTICE LEGALLY APPOINTED BY CITY COUNCIL.—Where the official proclamation for the election on November 8, 1910, called for the election of a single justice of the peace for the fifteenth township of Contra Costa county, comprising the city of Richmond, which, though entitled to two justices of the peace, has power under its charter to appoint one of them, and its appointee, having a jurisdiction commensurate with the justice of the peace to be elected, was in possession, under his appointment, at the time of said election, and the voters generally understood that not more than one justice of the peace was to be voted for at said election, and none voted for more than one candidate, in accordance with the proclamation, a defeated candidate having the second place in the vote cannot maintain that he was elected as a second justice of the peace.

ID.—INAPPLICABLE RULE AS TO FILLING VACANCY UNDER ELECTION PROCLAMATION.—The rule that, under an election proclamation not calling for the filling of a vacancy, a vacancy may nevertheless be filled, has no application where there is no existing vacancy to be filled in an office which is already filled according to law, and the only office to be filled is the single one specified in the election proclamation.

ID.—ABSENCE OF SHOWING OF MORE THAN ONE OFFICE TO BE FILLED—PRESUMPTION.—In the absence of a showing that an election was in fact held for the purpose of filling two offices, it will be presumed that the electors generally acted upon the information conveyed by the official proclamation, that there was but one justice of the peace to be voted for and elected, and that the voters cast their ballots accordingly, and that in fact there was no election for any office other than the one so designated.

ID.—CONSTRUCTION OF POLITICAL CODE—USE OF WORD "ELECTED"—CITY CHARTER OF RICHMOND—LEGISLATIVE INTENT.—Section 4014 of the Political Code, which provides that in townships containing cities in which city justices or recorders are "elected," there shall be but one justice of the peace, does not necessarily import by the use of that word an election by popular vote. Statutes are to be construed together to ascertain the legislative intent, and construing that section with the legislative charter of the city of Richmond, the legislative intent is satisfied by the choice of one city justice by vote of the city council, and as importing that only one justice of the peace shall be elected by popular vote in the township comprising that city.

ID.—USE OF TERMS "ELECTED" AND "APPOINTED."—A narrow construction should not be put upon the statute. Although the words "elected" and "appointed" ordinarily are not synonymous, and though in its limited sense the word "elected" is usually employed to denote the selection of a public officer by the qualified voters of a community, and the word "appointed" is generally understood to mean the selection of a public officer by one or more persons empowered by law to make the appointment, still in its broadest sense the word "elected" means merely "selected," and when used in that sense it is synonymous with "appointed," and if the "selection" is by votes of the several members of a city council, it may be said in the broadest sense of the term that he was "elected."

APPEAL from a judgment of the Superior Court of Contra Costa County, refusing a writ of mandate to the board of supervisors of that county. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

C. A. Odell, and Howard K. James, for Appellant.

A. B. McKenzie, District Attorney of Contra Costa County, for Respondents.

LENNON, P. J.—Section 4014 of the Political Code of this state declares that "The officers of a township are two justices of the peace. . . . In townships containing cities in which city justices or recorders are elected there shall be but one justice of the peace, and in townships having a population of less than 5,000 there shall be but one justice of the peace. . . . "

The appellant here, who was the petitioner in the proceeding below, seeks by *mandamus* to compel the respondents, as the board of supervisors of Contra Costa county, to declare

him one of the duly elected justices of the peace of the fifteenth judicial township in and for said county. Judgment was rendered and entered for defendants, and the appeal is from the judgment upon the judgment-roll alone.

The proceeding was heard and determined upon an agreed statement of facts, which was subsequently substantially adopted by the trial court as its findings of fact. The facts of the case as agreed by the parties and as found by the court were substantially these: The respondents are and have been ever since the eighth day of November, 1910, the duly elected, qualified and acting members of the board of supervisors of the county of Contra Costa. The petitioner is and has been for more than one year prior to the eighth day of November, 1910, a resident and qualified elector of the fifteenth judicial township of the county of Contra Costa. Said township consists entirely of the city of Richmond. Prior to the general election held on the eighth day of November, 1910, the said township had but one justice of the peace. At that election petitioner herein and three other persons were candidates in that township for the office of justice of the peace. The name of the petitioner and the names of the other candidates for the office were printed upon the official ballots used at the election under separate party designations and under the heading "For Justice of the Peace of the Fifteenth Judicial Township." No persons other than the candidates just mentioned were voted for at said election, and no voter voted for more than one person for justice of the peace of said township. After the election was had the respondents, as the board of supervisors, made and canvassed the returns thereof, and declared among other things that for the office of justice of the peace of said township John Roth, the Democratic candidate, had received four hundred and ninety-seven votes; that C. A. Odell, the petitioner herein, as the Republican candidate had received three hundred and fifteen votes; that J. B. Willis, an independent candidate, had received two hundred and forty votes, and that B. F. Smith, the Socialist candidate, had received one hundred and eighty-five votes; whereupon the respondents, as the board of supervisors, declared said John Roth to be the only person who was elected to the office of justice of the peace for said township.

At the time of the election the said township had and ever since has had a population of more than five thousand. The city of Richmond, however, is governed by a charter, which provides for the appointment of a city justice by the city council. It is conceded here that prior to the general election of November 8, 1910, the fifteenth judicial township of Contra Costa county had but one justice of the peace, and that the official proclamation of that election called for the election of only one justice for said township. It is further conceded that prior to the issuance of the proclamation for the general election of November 8, 1910, the city council of the city of Richmond had appointed a city police justice, who was then and ever since has been occupying the office and performing the duties thereof, and that his jurisdiction as said city police justice is concurrent and co-ordinate in all matters and things with the jurisdiction conferred by law upon the justice's court of the fifteenth judicial township of Contra Costa county.

It is the contention of petitioner that said township is, by the provisions of section 4014 of the Political Code, entitled to two justices of the peace; and that inasmuch as petitioner had received the second highest number of votes cast for the office of justice of the peace at said election the supervisors should have declared him elected as one of the two justices of the peace to which he claims the township was entitled, regardless of the conceded fact that the election proclamation called for the election of but one justice of the peace, and regardless of the further conceded fact that the city of Richmond then had a duly appointed, acting and qualified city police justice. In other words, it is the contention of the petitioner that the fifteenth judicial township of Contra Costa county was as a matter of law entitled to two justices of the peace because the township had a population of more than five thousand, and the city of Richmond did not have an "*elected*" city police justice. From this it is argued that it was the right and the duty of the voters of the township to choose and elect two justices of the peace, notwithstanding the fact that the proper officers, in proclaiming and giving notice of the election, called for the election of but one justice of the peace; and that inasmuch as the petitioner here received the second highest number of votes cast at the election for the office of justice of the peace he was the choice of the voters for

the second justiceship, and consequently is entitled to be declared elected to the office.

This contention is based upon the assumption that the persons who voted for the petitioner did so with the knowledge and in the belief that the election was being held for the purpose, in part, of electing two justices of the peace. This assumption, however, is not supported by either the petitioner's pleadings or proof. Nowhere in the petition for mandate is there to be found an allegation that a single voter at the election knew or believed that an election was being held for the purpose of electing more than one justice of the peace. The record before us is barren either of averment or evidence that in any single instance any voter cast his vote for more than one candidate for the office of justice of the peace. On the contrary, the trial court found as a fact that ''There was no evidence produced that at said election any voter voted for more than one justice of the peace of said township.''

Even if it be conceded that the fifteenth judicial township of Contra Costa county was entitled, under the provisions of section 4014 of the Political Code to two justices of the peace, nevertheless it cannot be successfully maintained that an election was held on November 8, 1910, for the purpose of electing two justices of the peace in that township. It may be true generally, as counsel for the petitioner assert, that in the event that an election for any particular office provided for by law should have been called and proclaimed by the proper officers, and such election has in fact been held after actual notice thereof and knowledge of its purpose have been conveyed to the electors generally, that notice thereof by official proclamation, if the election was otherwise regular, is not *per se* an indispensable prerequisite to the validity of the election, or to the right of the electors to vote thereat for any particular office which may be vacant and which should be filled by the people at that election. In short, it may be conceded to be the general rule of law that when an election has been held in all other respects as prescribed by law, and the voters generally have knowingly had a full opportunity to express their will, such election will not be declared invalid merely because the prescribed statutory notice has not been given. (*Carson* v. *McPhetridge,* 15 Ind. 327; *Foster* v. *Scarff,* 15 Ohio St. 532; *Sanchez* v. *Fordyce,* 141 Cal. 428, [75 Pac. 56]; *State* v.

*Orvis,* 20 Wis. 248.) Where, however, as here, it is conceded that the official proclamation called only for the election of one justice of the peace, and no showing is made that the great body of the electors had actual notice and knowledge of the fact that two candidates for the office of justice of the peace might and should be voted for and elected, and that one or more of the electors voted for two condidates for the office of justice of the peace, it cannot be logically said that an election was held by the people to fill more than the one office called for in the official proclamation of the election.

In other words, where, as in the present case, there was no notice by official proclamation or in fact that an election was to be held for the purpose of filling two offices, it must be held that in fact there was no election for any office other than the particular office designated in the official proclamation. In the absence of such a showing it will be presumed that the electors generally acted upon the information conveyed to them by the official proclamation that there was but one justice of the peace to be voted for and elected, and that the voters cast their ballots accordingly. This being so, it must follow that the petitioner was defeated at the general election of November 8, 1910, rather than elected to the office to which he aspired, and that he was properly refused a certificate of election by the respondents. (*Foster* v. *Scarff,* 15 Ohio St. 532; *Rogers* v. *Board etc.,* 11 Mich. 111; *Wood* v. *Bartling,* 16 Kan. 109; Cooley's Constitutional Limitations, 7th ed., 92; *Jones* v. *Gridley,* 20 Kan. 584; *State* v. *Goetze,* 22 Wis. 348.)

Apart from these considerations, we are satisfied that the fifteenth judicial township of Contra Costa county was not at the time of the election in 1910 entitled, under the provisions of section 4014 of the Political Code, to more than one justice of the peace. That section, as has been noted, requires that there shall be two justices of the peace in every township save and except in townships having a population of less than five thousand, and in those containing cities in which city justices or recorders are elected. As has already been stated, it is conceded that the judicial township in question consists entirely of the city of Richmond which, although it has a population of more than five thousand, is provided by charter with a city justice of the peace, who is appointed by the city council. His jurisdiction and duties are concurrent and co-ordi-

nate with those conferred generally upon justices of the peace throughout the state. It is petitioner's contention that the term "elected" as employed in section 4014, Political Code, should be construed to mean elected by the popular vote of the people. In this contention we cannot concur. Statutes must be read and considered in conjunction with the legislative intent, and then be liberally construed with the object in view of effecting such intent. In restricting the number of justices of the peace to one in townships which include cities in which city justices or recorders are elected, it was evidently the legislative intent not to burden the people of the state with the expense of maintaining more judicial officers than were actually necessary to the needs of the people. The narrow construction of the statute here contended for by petitioner obviously would result in defeating the legislative purpose and intent in that behalf, and is therefore to be avoided if possible. The words "elected" and "appointed" ordinarily are not synonymous. In its limited sense the word "elected" is usually employed to denote the selection of a public officer by the qualified voters of a community. On the other hand the word "appointed" is generally understood to mean the selection of a public officer by one person who is empowered by law to make the appointment. In its broadest sense, however, the word "elected" means merely selected. When used in that sense the word "elected" is synonymous with the word "appointed"; and where, as in the case at bar, a public officer has been selected by the votes of several members of a city council, it may be truly said in the broadest sense of the term that he was elected. (*McPherson* v. *Blacker,* 146 U. S. 1, [36 L. Ed. 869, 13 Sup. Ct. Rep. 3]; *Pierce* v. *Guggenheimer,* 44 App. Div. 399, [60 N. Y. Supp. 703]; *State* v. *Compson,* 34 Or. 25, [54 Pac. 349]; *People* v. *Langdon,* 8 Cal. 1, 16; *Reid* v. *Gorsuch,* 67 N. J. L. 396, [51 Atl. 457]; *State* v. *Williams,* 60 Kan. 837, [58 Pac. 476]; *Carson* v. *Harrison,* 113 Ind. 434, [3 Am. St. Rep. 663, 16 N. E. 384].)

Having in mind the spirit and purpose of the code section under discussion, it seems to us that the word "elected," as used therein, was not intended to apply solely to the election of a city justice by the votes of the people at large; but included as well the selection of a city justice of the peace by the city council or other legislative body in whom the power

of election is conferred by law. In other words, it is our opinion that the appointment of a city justice of the peace by the votes of the city council of Richmond was tantamount to the election of such justice of the peace in the sense contemplated by the legislature, and that therefore the fifteenth judicial township of Contra Costa county was entitled to have but one justice of the peace at the time of the election in 1910.

The judgment appealed from is affirmed.

Hall, J., and Kerrigan, J., concurred.