Allen Ray WAGNER, Appellant,

v.

CITY OF SAN ANGELO et al., Appellees.

No. 12507.

Court of Civil Appeals of Texas, Austin.

Jan. 12, 1977.

Gerald R. Ratliff, Kever & Ratliff, San Angelo, for appellant.

James E. Perry, City Atty., San Angelo, for appellees.

PHILLIPS, Chief Justice.

Appellee, James R. McClellan, was elected Chief of Police of the City of San Angelo in the general municipal elections in 1974. Prior to the time of his election as chief, he had held the rank of captain in the San Angelo Police Department. He was subsequently defeated for re-election in the general municipal elections held on April 3, 1976, by appellee Wesley Smith. On April 13, 1976, the City Commission of the City of San Angelo created a new position in the police department at the rank of captain. The vacancy was created at the request of Chief-elect Smith for the express purpose of reinstating McClellan to the force at the rank which he had held prior to the time he had become chief in 1974. On April 22, 1976, the Civil Service Commission for the City of San Angelo voted that McClellan be reinstated at the rank of captain effective May 11, 1976, the date on which he would leave office as chief.

Appellant, Allen Ray Wagner, ranked first on the current promotional eligibility list for the rank of captain in the San Angelo Police Department on both April 13, 1976, and April 22, 1976.

As a result of this action by the Civil Service Commission, appellant Wagner brought suit in the court below contesting the reinstatement. Appellant contended that any vacancy in the police department should be filled pursuant to Tex.Rev.Civ. Stat.Ann. art. 1269m, § 10 (1963) and Rule 12 of the Civil Service Commission Rules and Regulations for the City of San Angelo. The court granted a temporary restraining order whereby appellees, City of San Angelo, the Civil Service Commission, and Wesley Smith, were restrained from appointing or otherwise allowing appellee McClellan to assume the position of captain on the San Angelo Police Department.

Pursuant to trial, the court dissolved all temporary orders and appellee McClellan was ordered reinstated. We affirm this judgment.

Appellant maintains that the trial court erred in concluding that Tex.Rev.Civ.Stat. Ann. art. 1269m, § 15 (1963) guarantees to a popularly-elected chief of police, upon his defeat for re-election, the right to be reinstated in the police department at the rank which he held prior to his election as chief. The crux of appellant's case is that since appellee McClellan had been *elected* chief and not *appointed*, he does not come under the provisions of the Act.

The trial court concluded that Article 1269m, § 15, and Rule 16, § 99, Civil Service Commission Rules and Regulations of the City of San Angelo, allow an elected police chief who has been defeated for re-election to return to the police department at the rank held prior to service as chief. The court found that any other holding would discourage members of the police department from seeking the office of chief and that the San Angelo Civil Service Commis-

sion had followed a practice of reinstating defeated chiefs of police.

■ In our judgment there is nothing in Article 1269m and particularly Section 15 thereof that would preclude McClellan's reinstatement.

Although *elected* officers and *appointed* officers are referred to at several places in the Act, these adjectives are not used in such a sense as to make them mutually exclusive.

The pertinent portion of Section 15 is as follows:

"When the services of the Chief or head of the . . . Police Department are terminated as such and he is removed as such Department head, he shall be reinstated in the Department and placed in a position no lower than the rank he held at time of appointment . . . ."

■ As the word "appointment" is used in Section 15, reference is made to the manner of selection which would encompass election as well as appointment.[1] As a matter of fact, the term "appointment" appears to be used in this section as a more comprehensive term, to convey the idea of a mode of constituting or designating the head of the department whether selected by appointment, election, or otherwise. In this respect see *State v. Compson*, 34 Or. 25, 54 P. 349 (1898). Any other interpretation would strain[2] the construction of the Act, would be forced or unnecessarily technical, and, in our judgment, would subvert the legislative intent.

■ Furthermore, when an ambiguous statute has been given a certain construction over a long period of time by the agency charged with its enforcement and the construction is not patently wrong and does not result in serious hardship or injustice, the construction given it by the agency is entitled to great weight. This Court has so held in *State v. Houston Oil Co. of Texas*,

1. See: *Odell v. Rihn*, 19 Cal.App. 713, 127 P. 802 (1912), *People v. Ahearn*, 196 N.Y. 221, 89 N.E. 930, 26 L.R.A.(N.S.) 1153 (1909).

2. 53 Tex.Jur.2d *Statutes* § 126 (1964), and cases there cited.

194 S.W. 422 (Tex.Civ.App.1917, writ ref.), *Calvert v. Fisher*, 259 S.W.2d 944 (Tex.Civ. App.1953, writ ref.).

The judgment of the trial court is in all things affirmed.