ACCEPTED
04-14-00324-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/13/2015 1:39:10 PM
KEITH HOTTLE
CLERK

CASE NO. 04-14-00324-CR

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
1/13/2015 1:39:10 PM
KEITH E. HOTTLE
Clerk

THE STATE OF TEXAS.
Appellant,

v.

JOHN D. DELOACH,
Appellee.

Appealed from the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 130556
Honorable Scott Roberts, Judge Presiding

APPELLEE'S MOTION TO STRIKE, OR, IN THE ALTERNATIVE, RESPONSE
TO APPELLANT'S REQUEST FOR JUDICIAL NOTICE

TO THE HONORABLE FOURTH COURT OF APPEALS:

NOW COMES Appellee, John D. DeLoach, and files this his Motion to Strike, or, in the Alternative, Response to Appellant's Request for Judicial Notice as follows:

On December 8, 2014, Appellant filed its Response to the Appellee's Motion for En Banc Reconsideration. Included within that filing were two items, Attachment 1 and 2, neither of which are part of the record in the matter.

**A.      Attachments 1 and 2 Were Not Part of the Record and Should Be Stricken**

It is basic to appellate procedure that "review is confined to the evidence in the appellate record." *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). As noted by the court in *Carlton*, it is

simply "improper for parties to rely on matters outside the record in making arguments to the court." This court expressed the same principle in *Castano v. San Felipe Agricultural Manufacturing, & Irrigation Co.*, 147 S.W.3d 444, 453 (Tex. Civ. App.—San Antonio 2004, no pet). "We cannot consider documents attached to an appellate brief that do not appear in the record." The extraneous and improper attachments should be stricken.

**B.      Attachments 1 and 2 Cannot Be Properly Considered by Way of Judicial Notice**

Although the language of Appellant's Response includes no request that Attachments 1 and 2 be the subject of judicial notice, to the extent one may be implied it should be denied. Under TEX. R. EVID. 201 for a fact to be judicially noticed it must either be generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Neither of the attachments qualifies.[1]

Attachment 1 is a multi-page document entitled "Study of Private Property Towing Fees" prepared by Morningside Research and Consulting, Inc., an otherwise unidentified entity. The certification that precedes the document merely establishes that it was "with, and maintained by, the Texas Department of Licensing and Regulation." (TDLR).

The content of the report itself, a survey of towing practices throughout the state, is clearly not a fact generally known within the territorial jurisdiction of the court. Nor is the fact or facts presented readily determined to be accurate. In the first instance nothing

---

[1] Also, this Court has been "reluctant to take judicial notice … when the trial court was not afforded the opportunity …." *Duderstadt Surveyors Supply v. Alamo Express*, 686 S.W.2d 351, 354 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

identifies Morningside Research such that any determination of trustworthiness is possible. Further, beyond the hearsay nature of the document itself, it contains abundant hearsay within hearsay since it is based on information submitted by multiple sources, further undermining any ability to determine its trustworthiness. Finally, there is an inconsistency between the certification by the custodian of records of the TDLR and the document itself. The certification specifically references an attached 63 pages, of which only 54 are presented.

Attachment 2 is described in the Appellant's Response as a TDLR letter containing a "official opinion" of that agency and concludes that judicial notice may be taken because it is "under seal and signature." Although the document shows a signature, both of the other characterizations are either misleading or wrong. As shown by the reference line and the letterhead, the document relates to a presentation by the Enforcement Division of the TDLR in a pending adversary proceeding. It has no seal and is directed to the General Counsel's office as an exercise in advocacy within an enforcement proceeding, not an opinion letter of the agency. It clearly does not meet the Rule 201 criteria for judicial notice.

## C. If Considered, the Attachments Offer No Support for the Appellant's Position

Appellant offers its Attachments in support of its argument that the Court give deference to a regulatory agency's interpretation of a statute.[2] Under TEX. GOV'T CODE § 311.023, administrative construction is but one of several factors that may be

---

[2] Appellant also references its Attachment 3, a portion of the trial court testimony in this regard. That testimony makes reference to a settlement between the TDLR and Roadside Recovery. The reference is meaningless. A settlement document must be considered in its entirety to determine the context of any particular terms or provisions before attributing meaning or effect. *See Castano*, 147 S.W.3d at 448; *Residencial Santa Rita, Inc. v. Colonia Santa Rita, Inc.*, 2007 Tex. App. LEXIS 7426, *4 (Tex. Civ. App.—San Antonio 2007, no pet.).

considered in construing a statute. However, as noted in the cases cited by the Appellant, consideration is given to "certain construction" that has been followed "over a long period of time." *Wagner v. City of San Angelo*, 546 S.W.2d 378, 379 (Tex. App.—Austin 1977, no writ). Indeed, in the other case cited by Appellant, *Stanford v. Butler*, 181 S.W.2d 269, 273 (Tex. 1944), the court looked at 40 years of administrative practice. No such long period of administrative interpretation is offered or present here.

Indeed, viewed in context, Appellant's Attachment 1, the Morningside study of towing fees fits Appellee's analysis. As described in the "Overview" on page 1, the study was commissioned after the TDLR was required to establish certain maximum fees for private property tows. *See* TEX. OCC. CODE § 2308.0575 (DeLoach Brief, Appendix F). After that study in May of 2010, the agency established a maximum of $250.00 for light duty tows such as those at issue here. 16 TEX. ADMIN. CODE § 86.455. (*See* DeLoach Brief, Appendix G). The fee limit so established by the state is the ceiling for municipalities which have not taken the steps to establish or amend the allowable fees to provide a fair value. *See* TEX. OCC. CODE §§ 2308.203(b) and 2308.2065.

Appellant's argument that the mandatory "shall" of § 2308.203(b) essentially be disregarded ignores the "fair value" requirement of the legislation. There is simply no ambiguity in the statute providing that the City "shall … amend the allowable fees for non-consent tows at amounts that represent the fair value …." Indeed, when looking at the statute construction aides listed in TEX. GOV'T CODE § 311.023, the "object sought to be obtained", i.e., fair value for services, is listed first. Also, listed is "consequences of

a particular construction." Here, the Appellant's construction allows the municipality to complete a tow fee study, and actually determine a fair value, but nevertheless have carte blanche to impose a lower limit bearing no economic relationship to the findings of its own tow fee study. Such a construction is simply not reasonable since it defeats the entire notion of providing for tow fees consistent with a fair value for the services provided.

WHEREFORE, PREMISES CONSIDERED, Appellee John D. DeLoach, prays that Attachments 1 and 2 to Appellant's Response to Appellee's Motion for En Banc Reconsideration be stricken and that this Court set aside the Opinion and Judgment of November 19, 2014, reconsider the matter, and upon reconsideration, affirm the Judgment of the County Court at Law.

Respectfully submitted,

CLEMENS & SPENCER
112 E. Pecan St., Suite 1300
San Antonio, Texas 78205-1531
Telephone: (210) 227-7121
Facsimile: (210) 227-0732


By: /s/Mark J. Cannan
MARK J. CANNAN
State Bar No. 03743800

**ATTORNEYS FOR APPELLEE,
JOHN D. DELOACH**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was delivered *via Email* on this 13th day of January, 2015, to:

Mr. Samuel Adams
Assistant City Attorney
Office of the City Attorney–San Antonio
401 S. Frio
San Antonio, TX  78207
*via Email:*  samuel.adams@sanantonio.gov

Mr. Dan Pozza
Law Office of Dan Pozza
239 E. Commerce St.
San Antonio, TX  78205
*via Email:*  danpozza@yahoo.com


/s/Mark J. Cannan
MARK J. CANNAN