Warner, Chief Justice.
The defendant was indicted for a misdemeanor under section 4306 of the Code, and charged with having used obscene and vulgar language in the presence of a female without provocation. On the trial the defendant was found guilty. A motion was made for a new trial on the grounds set forth in the record, which was overruled by the Court, and the defendant excepted.
1st. There was no error in overruling the motion for a continuance. The fact that the defendant expected to prove by the absent witness, that the female in whose presence the obscene and vulgar words were alleged to have been spoken was at one time pregnant, and absented herself from the community in which she lived on that account, did not constitute any legal defense for the defendant, under the law, for using obscene and vulgar language fin her presence without any provocation, and her condition and absence from the community did not constitute such provocation.
2d. The words used by the defendant, as charged in the indictment, and proved on the trial, are admitted to have been quite obscene and vulgar enough to shock the moral sensibilities of all decent people; but it is said the words were not used in the presence of the female as contemplated by the statute. The evidence is that the female in whose presence the words are alleged, to have been used, resided in a house close to defendant, just across the street, in the same village, and that the night the words were used, the female was at the house of a neighbor, about one hundred and fifty yards distant from defendant’s house. Whether defendant knew she was absent from her own house at the time, does not appear, but he was standing in the piazza of his own house and spoke the'words *loud enough for the female to hear them at the house of her neighbor, and they were addressed to the female by name, and called her ‘‘you damned old ....,” etc., etc. She heard the words distinctly, and it would seem from the fact that the words were addressed to her by name, that the defendant intended and expected she should 'hear them; at any rate, she did hear them, and, in our judgment, when obscene and vulgar words are used in the hearing of a female, the words are used in the presence of a female, as contemplated by the statute, the more especially when the obscene and vulgar words are addressed to that female by name.
Let the judgment of the Court below be affirmed.