## W. M. BRUMBY v. J. G. BOYD ET AL.

### Decided February 14, 1902.

1.—Injunction—Dissolution—Appeal.

Error of the trial court in dissolving a temporary injunction on its own motion and without the ten days' notice is not available on appeal after a judgment on the merits, such as properly required a dissolution of the injunction, has been rendered against appellant, and he has filed no supersedeas bond on appeal.

2.—Public Officer—Vacancy—Temporary Appointment by Mayor—City Charter of Houston.

Under the charter of the city of Houston as granted by the Legislature in 1897, and providing that "in case of a vacancy in any elective office, from whatever reason, the council, upon nomination by the mayor, shall fill the vacancy by a majority vote of the aldermen," the mayor has not the authority by his individual appointment to temporarily fill a vacancy in an elective city office, as that of health inspector, without the concurrence of a majority of the council, although the council be not then in session.

3.—Same—Public Policy.

That public policy requires a vacancy in such office to be filled, and that the mayor and council might fail to agree upon a suitable person to fill it, can not authorize the disregard of a plain legislative command and the exercise by public officers of powers not conferred by law.

4.—Same—Appointment by Council Alone.

Nor could the board of aldermen, without a nomination by the mayor or his concurrence, authorize or appoint a person to fill the vacancy in such office, since the charter provides that it can be filled only by the mayor and board of aldermen acting together as the city council.

5.—Same—Holding Two Offices—Constitutional Law.

An appointment authorizing a city health inspector to discharge the duties and receive the compensation of the city health officer, is virtually an appointment as such health officer, and is in violation of the provision of the State Constitution forbidding the holding of two offices of emolument by the same person.

6.—Same—De Facto Officer.

One who discharges the duties of an officer under an appointment void for want of authority to make it, is not a de facto officer, but a mere intruder.

7.—Same—Injunction by Private Citizens.

A private citizen is not entitled to maintain a suit to enjoin a person from filling a public office because of the invalidity of his appointment thereto, since the injury is one which affects the public generally, but inflicts no special wrong on the citizen individually.

Appeal from Harris. Tried below before Hon. William H. Wilson.

*O. T. Holt, L. B. Moody,* and *L. R. Bryan,* for appellant.

*Stewart, Stewart & Lockett,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for injunction brought by appellant in his official capacity as a health inspector of the city of Houston and acting health officer and the alleged de facto head of the health department of said city, also in his individual behalf as a citizen and taxpayer of said city, against the appellee, J. G. Boyd, seek-

ing to restrain said Boyd from in any manner attempting to discharge the duties of health officer of said city, or from in any manner interfering with the discharge of the duties of said office by appellant. The petition was presented to Hon. W. H. Stewart, judge of the Tenth Judicial District, on November 23, 1901, who on said date granted a temporary injunction as prayed for. The petition was filed in the District Court of Harris County (Fifty-fifth Judicial District) on November 24, 1901, and on the following day appellee Boyd filed his original answer and cross-bill against appellant, setting up that he was the legally appointed health officer of the city of Houston, and praying that the writ of injunction theretofore issued by the judge of the Tenth Judicial District be dissolved, and that a temporary injunction be issued restraining appellant from in any manner interfering with the discharge of the duties of health officer of the city of Houston by said appellee.

On the 26th of November, 1901, John D. Woolford intervened in said cause in his capacity as mayor of the city of Houston, and adopted as part of his answer and cross-bill the said answer and cross-bill of appellee Boyd, and alleged that he as mayor of said city had the right to appoint said Boyd, and had appointed him, to the office of health officer of said city, and asked that he, as the chief executive officer of said city, be granted a writ of injunction against appellant as prayed for by said Boyd.

On the 26th day of November, 1901, the Hon. W. H. Wilson, judge of the Fifty-fifth Judicial District of Texas, in which said cause was pending, on his own motion vacated and set aside said temporary injunction granted by the Hon. William H. Stewart, and set said application for an injunction down for hearing on the 28th of November, 1901, together with the cross-bill on behalf of the appellees, Boyd and Woolford.

On the 28th day of November, 1901, the case coming on to be heard before the court, was submitted to the court without a jury for final hearing and judgment on the facts as set out in the petition, answers, and affidavits. Upon this hearing the court below refused the prayer of appellant for an injunction and rendered judgment granting an injunction to the appellees, Boyd and Woolford, as prayed for by them.

The following are the material facts in the case as found by the trial court, said findings of fact not being excepted to by either party and no statement of facts appearing in the record.

"Conclusions of Fact.—1. That at the last municipal election in April, 1900, Dr. J. B. Massie was duly elected health officer of the city of Houston, and qualified and acted as such till his death, 23d August, 1901.

"2. April 24, 1901, Dr. Massie became incapacitated by sickness to perform the duties of health officer, and requested Dr. Brumby to perform such duties for him and in his place, which Dr. Brumby did in addition to his personal duties as health inspector, till the death of Dr. Massie, his performance of said duties being acquiesced in.

"3. From the 24th of April, 1901, to the 15th of October, 1901, when the motion following was passed over the protest of the mayor (the mayor declaring said motion out of order and an appeal being taken from his ruling and sustained, one of the aldermen putting the motion), Dr. Brumby continued as before Dr. Massie's death to perform the duties of health officer. Up to the time of the passage of said motion the mayor acquiesced in the performance of said duties by Dr. Brumby, but did not acquiesce in any claim of Dr. Brumby to be the health officer, as prior to that time Dr. Brumby made no claim to be 'the health officer' of the city of Houston.

"3½. Proceedings of the council of date October 15, 1901, are hereto attached.

"From the minutes of the city council of the city of Houston, Tuesday, October 15, 1901:

" 'Motion by Alderman Thompson that, in view of the fact that the city is without a health officer, and that the health department is one of great importance, and that same should be under the temporary control of some one competent to manage said department pending the election of a successor to Dr. J. B. Massie, deceased, it is moved that Dr. W. M. Brumby is hereby authorized to do and perform the duties of said office until same is filled in accordance with the city charter, and that he receive for such services the sum of $150 per month.

" 'The mayor ruled the motion out of order. Alderman Thompson appealed from the decision of the chair, and called upon the secretary to read the new ordinance constituting rule 18a of the Rules of Order, recently passed, which provides that an appeal may be taken from the decision of the chair, and that any alderman may put the motion to the council if the appeal is sustained.

" 'Alderman Thompson then put the motion, "Shall the decision of the chair stand as the decision of this council?" The decision was not sustained by a vote of 7 to 3, Aldermen Tuffly, Bennett, and Mueller voting aye. The appeal having been sustained, Alderman Thompson put his original motion, and it was carried on a vote of 9 to 1, Alderman Tuffly voting no. The mayor gave notice of veto of this action of the council.'

"On October 23, 1901, the mayor presented to Dr. Brumby a formal objection to his performing the duties of health officer.

"4. On the —— day of October, 1901, Woolford, as mayor of Houston, filed a petition for injunction against Brumby, No. 31,318, which being heard in chambers, the court declined to issue the temporary writ of injunction, and the case stood over for trial on the merits.

"5. On November 20, 1901, in a vacation of the city council, when same was not in session, the mayor of Houston appointed Dr. J. G. Boyd health officer of the city of Houston until the next regular meeting of the city council, in form substantially the same as the appointment of November 26, 1901, hereafter set out.

"6. On 22d November, 1901, Woolford dismissed said petition, cause No. 31,318, from the docket.

"7. On November 20, 1901, Dr. J. G. Boyd, after his appointment, entered the office in which were the records of the health officer of Houston and took therefrom a portion of the books and records, and a portion of the furniture belonging to the health department of the city of Houston, and removed them to another room occupied by Dr. Boyd in acting as health officer under the appointment before named by the mayor.

"8. Dr. Brumby is recognized as the proper person to perform the duties of health officer by the majority of the council; Dr. Boyd is recognized by the mayor, by five of the seven health inspectors of the city of Houston, who report to him for duty; Dr. Brumby and Mr. Mat Railey, another inspector, not recognizing any authority in Dr. Boyd. At the date of the filing of the petition herein Dr. Boyd had charge of the pesthouse; and is recognized by the postoffice authorities and St. Joseph's Infirmary. Dr. Boyd has also filed affidavits of numbers of physicians of the city showing their recognition of him. And there are also affidavits of a number of physicians of the date of the petition for judgment filed by the mayor in cause No. 31,318, showing that up to that date they had recognized Dr. Brumby as authorized to perform the duties of health officer.

"9. On November 22, 1901, Dr. Boyd had possession of the pesthouse, when Dr. Brumby went there with a friend and "vi et armis" took possession of same, and remained in possession a few hours till, upon order of the mayor, the police department of the city of Houston retook possession and turned same over to Dr. Boyd.

"10. At a meeting of the council on November 25, 1901, J. G. Boyd was nominated by the mayor to the council as health officer, and one alderman voted to confirm and eleven against confirmation. Thereupon the mayor, in same form as before, on November 26, 1901, in vacation of the council, again appointed Boyd to fill the position till the next meeting of the council, said appointment being in form as follows:

" 'HOUSTON, Texas, November 26, 1901.

" 'By the power conferred upon me by law as mayor of the city of Houston, Texas, I hereby appoint Dr. J. G. Boyd, of Houston, Texas, to fill the position of health officer of the city of Houston, now vacant, until the next regular meeting of the city council of the city of Houston, at which time I shall present the name of said Dr. J. G. Boyd for confirmation by the city council. Until the next regular meeting of the city council, and until some one has been nominated by the mayor and confirmed by the city council, the said Dr. J. G. Boyd will take charge of the health office of the city of Houston, and all the goods, books, and appurtenances belonging to the office of health officer of the city of Houston, and is hereby authorized for such period to discharge all the duties required of the health officer. All health inspectors of the city

are hereby directed to report to the said Dr. J. G. Boyd for duty, and shall act under his direction and control. No requisition for supplies, medicines or expenses of said health department will be recognized by me as mayor of the city of Houston unless signed by the said J. G. Boyd.

" 'In testimony whereof, I have hereunto set my hand and have caused the city secretary to attest the same and affix the seal of the city of Houston, this 26th day of November, A. D. 1901.

(Seal)    " 'J. D. Woolford,
" 'Mayor of the City of Houston.
" 'Attest:   A. Lipper, Secretary of the City of Houston.'

"11.   Dr. Brumby was appointed health inspector June 20, 1899, and qualified and is still acting as such, and is one of the present incumbents of that office.

"11½.   That both Dr. Brumby and Dr. Boyd are capable physicians, in good standing, either well qualified to occupy the office of health officer.

"12.   The case being under advisement by the court some time, it was agreed by the attorneys for all parties that the court should enter final judgment upon the merits upon the petitions, answers, interventions, and affidavits or evidence, and that the court should enter judgment on the state of facts existing November 28, 1901, when the case was heard, as if the judgment on the merits had then been rendered."

Appellant's first assignment of error complains of the action of the trial judge in dissolving, upon his own motion and without giving the ten days notice required by the statute, the temporary injunction granted by the judge of the Tenth Judicial District. It would seem that the action complained of was unwarranted by law, but as presented by this record the question as to whether or not appellant was injured thereby and is in position to complain of same depends upon the question as to whether he was entitled to an injunction against the appellee Boyd. The necessary effect of the final judgment of the court below rendered on the merits of the case being a dissolution of the temporary injunction theretofore granted by the judge of the Tenth Judicial District, and appellant not having filed a supersedeas bond on his appeal from said judgment, he has failed to preserve his apparent right to have said temporary injunction continued in force during the pendency of this appeal. The question presented by this assignment being immaterial to any issue in the case as presented by the record, the assignment can not be sustained.

The judgment of the court below is assailed by the appellant upon the following grounds: (1) Because the court erred in holding that the mayor of Houston could without the concurrence of the board of aldermen temporarily fill a vacancy in an elective office. (2) Because the court erred in holding that the city council through its ordinance could not legally require and authorize the plaintiff, Brumby, as health

inspector, to discharge the duties of health officer pending the filling of the vacancy in said office by the city council on the nomination of the mayor as required by the charter. (3) Because the court erred in holding that the defendant Boyd was either de jure or de facto health officer, and therefore legally entitled to discharge the duties of health officer of the city of Houston. (4) Because the court erred in holding that plaintiff Brumby was not de facto health officer and therefore not entitled to discharge the duties of health officer of the city of Houston.

We will consider these objections in the order in which they are presented. The right or authority to select and appoint public officers is one of the highest prerogatives of sovereignty, and the delegation of such authority by the sovereign power must be clearly shown by the person claiming the right to exercise same. The power to appoint officers excepting, perhaps, those who are to assist him in the discharge of his personal executive duties, is not inherent in the chief executive, but must exist, if it exist at all, by virtue of the authority conferred upon him by the sovereign power. Mayor v. State, 15 Md.; State v. Swift, 11 Nev., 128; Collins v. State, 8 Ind., 344; Mech. on Pub. Off., sec. 108.

It follows that unless the sovereign power, the people, have through the act of their Legislature granting a charter to the city of Houston, conferred upon the mayor of said city the power to appoint a health officer to temporarily fill the vacancy in said office caused by the death of Dr. Massie, he has no such power, and any appointment made by him is absolutely void. To determine this question we must look to the charter of said city, which defines the powers conferred upon the mayor and other officers provided for said city by said charter. The portion of the charter under which this authority is claimed is found in section 10 of said instrument and reads as follows: "In case of a vacancy in any elective office, from whatever reason, the council, upon nomination by the mayor, shall fill the vacancy by the selection of some person by a vote of a majority of the aldermen elected and qualified."

It can not be contended that this language in express terms confers upon the mayor the power, without the concurrence of a majority of the aldermen legally expressed, to make an appointment to fill a vacancy in an elective office, and we think it equally clear that no such authority can be implied from said language. Conceding for the sake of argument that the intent and meaning of the language used is identical with the provisions of our State and Federal Constitutions conferring upon the chief executive the power to appoint certain officers "by and with the advice and consent of the senate," or providing that the appointment shall be made by the executive "and confirmed by the senate," it still fails to authorize the executive to make a temporary appointment in the recess of the confirming or concurring body. The power to make such temporary appointments by the President or by the Governor is expressly conferred either by the legislative body or by the Constitution itself, and does not arise by implication from the general power to

make appointments by and with the advice and consent of the senate. Const., art. 4, sec. 12; Rev. Stats. (U. S.), art. 1769.

We think it is clear from the language of the charter above quoted that the mayor has no authority to fill a vacancy in an elective office, and that such authority is vested solely in the city council. The selection of the person to fill such vacancy must be by the council, which is composed of the mayor and board of aldermen; neither can act in the matter independent of the other, and no legal appointment temporary or otherwise can be made unless concurred in by both the mayor and a majority of the board of aldermen. The nomination by the mayor is only the initial step in making the appointment, and the appointment becomes complete only when concurred in by a majority of the aldermen. Mech. on Pub. Off., sec. 114, and authorities there cited. The fact that the person selected must be nominated by the mayor deprives the aldermen of the power to select anyone who is not satisfactory to the mayor, but it does not give the mayor the power to make an appointment without the concurrence of the aldermen in violation of the plain provision of the charter. But it is urged that upon the failure of the mayor and board of aldermen to agree upon a suitable person the right of the mayor to make a temporary appointment would arise from public policy, which requires that a vacancy in a public office should be filled. The public welfare or the dictates of sound public policy may often properly influence courts in the decision of doubtful questions affecting the interests of the public, but can not authorize the disregard of a plain legislative command, and the highest public policy is subserved by the refusal of the courts to sanction the exercise by public officers of powers not conferred upon them by law.

It is true that the law does not favor a hiatus in office, and the welfare of the citizens of Houston demands that the vacancy in the office of health officer of said city should be filled, but the city council of said city, to whom alone the authority to fill such vacancy has been delegated, having so far failed to perform that duty, and there being, as before shown, no inherent power in the mayor to make such appointment, the office must remain vacant until filled in the manner prescribed by the law. This is a deplorable condition of affairs and one which the Legislature evidently did not contemplate would ever exist, or provision for the same would have been made in the charter. We think appellant's first objection to the judgment of the court below is valid and must be sustained.

The second objection, which is in effect that the action of the council in authorizing the appellant to perform the duties of health officer was legal, can not be sustained. Dr. Brumby is one of the health inspectors of the city of Houston, an office of emolument created by the charter of said city, and to allow him to hold both the office of health inspector and health officer is a violation of a plain provision of the Constitution of this State. The law looks to substance rather than form, and the action of the board of aldermen in authorizing Dr. Brumby to perform

the duties of health officer and to receive the compensation of such office is to make him virtually the health officer, and the provision of the Constitution above mentioned can not be evaded by merely omitting to designate him as health officer. As before pointed out, the vacancy in the health office, which is an elective office, can only be filled under the charter of the city of Houston by the mayor and board of aldermen acting together as the city council, and to say that the aldermen without the consent of the mayor can authorize the appellant to perform the duties and receive the compensation of health officer of said city, is to say that they can fill the vacancy in said office in violation of the provision of the charter by appointing a person to said office who had not been nominated by the mayor.

The third and fourth objections made by appellant to the judgment may be considered together. We are of opinion that neither the appellant nor the appellee Boyd can be regarded as the de facto health officer of the city of Houston, because of the fact that the appointments under which they claim to hold said office are not merely irregular and informal but absolutely void, and neither have any colorable right to the office. That one whose only claim to an office is under a void appointment is not a de facto officer but a mere intruder is well settled. Reincourt v. Parker, 27 Texas, 450; Land Co. v. Laigle, 59 Texas, 344.

A suit can not be maintained by a private citizen to enjoin an injury which affects the public generally, but which inflicts no special wrong on him individually. City of San Antonio v. Strumberg, 70 Texas, 366; Carruthers v. Hamett, 67 Texas, 131.

Our conclusions being that neither the appellant nor the appellee Boyd is de jure or de facto health officer of the city of Houston, and neither of them having shown any special injury which would entitle him to an injunction, the petition for injunctions filed by each should be dismissed. The right of the appellee Woolford, as mayor, to enjoin the illegal exercise of the duties of health officer by the appellant is not questioned by appellant, his contention being that he is legally in the possession of said office and in the discharge of the duties of same. From the conclusions reached by us upon the issues presented by this appeal as indicated in this opinion, it follows that the judgment of the court below refusing to grant a writ of injunction in favor of appellant and granting such writ to the appellee Woolford should be affirmed, and that portion of the judgment granting an injunction to appellee Boyd should be reversed and judgment here rendered dismissing the cross-bill of said appellee, and it is so ordered.