## DICK PITTS v. THE STATE.

### No. 7748.   Decided June 25, 1924.

**1.—Aggravated Assault—Jury and Jury Law—Bill of Exceptions.**

Where the bill of exceptions showed that the court excused the regular
panel because the jurors had heard the facts in the companion case, there
was no error; besides, the bill of exceptions is entirely in question and
answer form and cannot be considered.

**2.—Same—Jury and Jury Law—Talesmen—Swearing Officer.**

Where it appeared that at the time the jurors were first summoned by
the officer he was then not sworn, but that when attention was called to
this the officer was properly sworn and thereafter again summoned the
jurors, there is no reversible error.

**3.—Same—Information—Complaint—Deputy City Marshal.**

Where the motion to quash the information and complaint was based on
the proposition that there is no such office as deputy city marshal known
to law, the same was properly overruled, as the law has provided for half
a century the office of deputy city marshal.

**4.—Same—Bill of Exceptions—Question and Answer Form.**

It is a plain provision of article 846 C. C. P. that bills of exception
shall not be in question and answer form, except under certain contingencies
when it becomes necessary, which are entirely absent.

**5.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not set out what answer the witness
gave, this court cannot appraise the correctness or incorrectness or harm
of the matter.

**6.—Same—Evidence.**

Upon trial of aggravated assault upon deputy city marshal, there was no error in excluding evidence showing the minutes of the city council, that the party assaulted, was duly elected night watchman, it appearing that he had been appointed deputy marshal and not night watchman.

**7.—Same—Requested Charges—Bill of Exceptions—Peace Officer.**

Where all the exceptions to the court's charge and the requested charges did not show as to when they were presented to the trial judge, the same cannot be considered on appeal.

**8.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, the facts although conflicting supported the conviction, there is no reversible error.

Appeal from the County Court of Scurry. Tried below before the Honorable Horace Holley.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.00 and twelve months confinement in the county jail.

The opinion states the case.

*Rosser & Smith, for appellant.*—On question of court's refusal to quash jury panel: White v. State, 78 S. W. Rep., 1066; Bickham v. State, 101 id., 210.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, and *R. G. Storey,* former Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Scurry County of an aggravated assault upon G. F. Wills, alleged to be an officer in the discharge of his duties, and his punishment fixed at a fine of $25 and twelve months in the county jail.

This is a companion case to H. Pitts v. State, No. 7747, this day handed down.

Bill of exceptions No. 1 complains of the refusal of a motion to quash the regular panel. We have examined the bill closely and are of opinion from the recitals thereof that the court excused the regular panel because they had heard the facts in the companion case. The bill of exceptions is entirely in question and answer form and we would be compelled to decline to consider same.

Bill of exceptions No. 2 complains of the fact that the officer who summoned talesmen to complete the jury, was not sworn. It appears that at the time the jurors were first summoned by him that this was true, but when attention was called to such condition the officer was properly sworn and thereafter again summoned the men who were then in the courtroom in obedience to his first summons, and these men were offered for jury service. We do not think the proceeding as thus set out presents any error.

By bill of exceptions No. 3 complaint is made of the refusal to quash the information and complaint based ou the proposition that there is no such office as deputy city marshal known to the criminal jurisprudence of Texas.   We have discussed this matter in our opinion in the companion case, supra.   There is under the law of this State and has been for nearly a half century the office of deputy marshal of a city or town incorporated under the general laws of this State.

Bills of exceptions Nos. 4, 5, 6, 7 and 8 are in question and answer form and for such reason cannot be considered by us.   It is the plain provision of Article 846 of our Code of Criminal Procedure that bills of exception should not be in such form except when it becomes necessary in the opinion of the trial judge that they be in such form for the purpose of making plain some proposition pertinent to the understanding of said bill.   This court has always held that if the trial judge believes that they should be in question and answer form, he should so state in his approval thereof.

Bill of exceptions No. 9 complains of the fact that witness for the State was asked "Do you remember what H. was saying?" which question was objected to and the objection was overruled.   The bill of exceptions does not set out what answer the witness gave and in that condition we cannot appraise the correctness or incorrectness or harm of the matter.

Appellant offered the minutes of the city council dated April 10, 1922, for the purpose of showing that G. F. Wills was duly elected and appointed night watchman as of that date; and the State's objection to this testimony was sustained, and as a qualification to said bill the testimony of the city marshal and of Mr. G. F. Wills, which seems to have been heard by the court when he passed upon the admissibility of the testimony, is appended to the bill.   The testimony of each of said parties was in substance that the city marshal appointed Mr. Wills as his deputy marshal.   We think there is nothing in the offer of the minutes showing the election of Mr. Wills by the city council as night watchman, which contradicts or militates against the fact that he was appointed deputy marshal by the marshal of said town, and that the rejection of the evidence presents no error.

There are a number of exceptions to the charge complaining in substance that the court instructed the jury that Mr. Wills was deputy marshal, and giving to the jury the definition of what was meant by "In his presence" as reiated to the proposition of when a peace officer might arrest one committing a disturbance of the peace.   We do not think such exceptions well taken.   However, all of the exceptions to the court's charge and the special charges asked by appellant are in the same condition in this case as in the companion case above referred to.   There appears in the record a document purporting to set out exceptions reserved to the court's main charge.   Upon this

document appears the notation "Overruled; Horace Holley, County Judge Scurry County, Texas." There is nothing upon the document showing when the exceptions were presented to the learned trial judge. The record contains eight special charges which were marked refused, but there is nothing upon any of them showing that the appellant then excepted to such refusal, nor is there any notation or statement in the special charges anywhere showing that they were presented to the court at the conclusion of the evidence and before the main charge was read. The bill of exceptions appearing in the record complaining of the court's refusal to correct his charge and of the rejection of the special charges, nowhere sets out that such exceptions were taken at the proper time, or that the special charges were presented at the conclusion of the evidence and before the argument was had. In such condition of the record we cannot consider either the exceptions, the special charges or the bills of exception attempting to complain of same.

The evidence for the State and the appellant presents two views of a transaction. From the side of the State it appears that a peace officer was attempting to arrest appellant's brother for a disturbance of the peace committed in his hearing and presence and that appellant and his brother assaulted the officer and beat him up pretty badly. These facts are controverted by appellant and his witnesses, but such conflicts are for the solution of the jury and have been solved by them contrary to the contention of appellant and we do not feel justified in saying that there is not evidence to support the conclusion reached.

Not being able to agree with any of the contentions of appellant, and finding no reversible error in the record, an affirmance is ordered.

*Affirmed.*