### H. PITTS v. THE STATE.

No. 7747. Decided June 25, 1924.

**1.—Aggravated Assault—Bill of Exceptions—Continuance.**

The recital in the application for continuance of the fact that the subpoena was delivered to the sheriff of Scurry County, could certainly show no diligence, in an effort to obtain witnesses who lived in Fisher County, and there was no error in overruling same.

**2.—Same—Jury and Jury Law.**

Where the bill of exceptions wholly failed to sufficiently set out that the jurors whose absence was made the ground of a motion to require the sheriff to summon them, and, besides, the record showed that no objectionable jurors served upon defendant's trial, there is no reversible error.

3.—Same—Information—Motion to Quash—Deputy Marshal.

Where the motion to quash was based on the proposition that the complaint and information charged an assault upon the deputy marshal of the City of Snyder, and that there was no such office known to the law, the same was correctly overruled.

4.—Same—Bill of Exceptions—Question and Answer Form.

Where the bill did not set out what would have been the answer of the witness and besides was in question and answer form, the same presents no error.

5.—Same—Charge of Court—Bill of Exceptions.

Where the bill of exceptions complained that the charge of the court assumed as a fact that the injured party was an officer and it appeared that this was not controverted, there is no reversible error. Following: Brown v. State, 42 Texas Crim. Rep., 417.

6.—Same—Charge of Court—Definition of Statute.

Where the court's charge defined the expression "in his presence or within his view" meant that the officer could arrest without warrant when he could detect the offender by sight or hearing, there is no reversible error.

7.—Same—Charge of Court—Requested Charges.

In the absence of a statement or notation upon the exceptions reserved to the court's charge or the requested charges refused, showing that same was presented to the court before the argument of counsel began, the same cannot be considered on appeal.

8.—Same—Sufficiency of the Evidence.

Where, upon trial of aggravated assault, the evidence, though conflicting, was sufficient to support the conviction, there is no reversible error.

Appeal from the County Court of Scurry. Tried below before the Honorable Horace Holley.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and confinement of six months in the county jail.

The opinion states the case.

*Rosser & Smith,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Scurry County of an aggravated assault, and his punishment fixed at a fine of $100 and six months in the county jail.

G. F. Wills was deputy marshal of the town of Snyder and on the night of the occurrence heard a voice which he identified as that of appellant yelling and making a loud noise, and he went to where appellant was and made some remark about the disturbance, and appellant with an oath denied having made it.

The first bill of exceptions complains of the refusal of a continuance. No subpoena is attached to the application. The application recites that the subpoena was for one witness in Scurry County and two in Fisher County. The recital in the application of the fact that the subpoena was delivered to the sheriff of Scurry County, could certainly show no diligence in an effort to obtain witnesses who lived in Fisher County.

Bill of exceptions No. 2 wholly fails to sufficiently set out that the jurors, whose absence was made the ground of the motion to require the sheriff to summon them, had been drawn for the particular week on which this case was set. In addition to that, the bill of exceptions wholly fails to show that any objectionable juror served upon this trial.

The third bill of exceptions was to the refusal of the motion to quash, based on the proposition that the complaint charged an assault upon a deputy marshal of the city of Snyder, it being asserted that there is no such office known to the law. The injured party testified that he was deputy city marshal of Snyder at the time. We find nothing in the record controverting such fact. It was held in Hardin v. State, 40 Texas Crim. Rep., 217, that proof of the official character of the injured officer may be made by oral testimony. It has been the law of this State since 1875 that in cities and towns incorporated under the general laws the marshal of such city or town should be ex-officio chief of police and might appoint one or more deputies. It is also provided by statute that either in person or by deputy he should perform the various duties enjoined in Article 809 Vernon's Revised Civil Statutes; also Vernon's Complete Texas Statutes 1920,— which duties include the arrest without warrant of all violators of the public peace or persons guilty of disorderly conduct or disturbance. The case of Alford v. State, 8 Texas Crim. App., 545, was evidently decided under a mistake of law, and is of no controlling force now. The motion was properly overruled.

Bills of exception Nos. 4, 5 and 6 are in question and answer form and for that reason cannot be considered by us. Bill of exceptions No. 7 presents appellant's objection to a question asked as to what appellant was saying. The bill does not set out what would have been the answer of the witness and in said condition presents no error.

A. bill of exceptions complains that the charge of the court assumed as a fact that the injured party was an officer. This was held by us in Brown v. State, 42 Texas Crim. Rep., 417, to be the correct procedure where that fact was not controverted.

There was an exception to the court's charge which defines the expression "In his presence or within his view" as contained in Article 259, Vernon's C. C. P. authorizing an arrest without warrant in certain cases. In substance the court defines same as meaning that the officer could arrest without warrant when he could detect the offender by sight or hearing by reason of what he did or said.

This seems in accord with common sense and with the decisions of other jurisdictions. People v. Bantz, 19 N. W., 161; Hughes v. Commonwealth, 41 S. W. Rep., 294; Brady v. State, 48 Ga., 311; Henderson v. State, 63 Ala., 193; Laney v. State, 105 Ala., 105. There seems no real difference between the definition as given and the one embraced in the special charge which was refused.

Bills of exception Nos. 10, 11 and 12 complain of certain parts of the court's charge as given, and of the rejection of special charges offered ostensibly to correct such supposed errors. There appears no statement or notation upon the exceptions reserved to the court's charge, and likewise no statement upon any special charge refused showing that same was presented to the court after the introduction of the testimony and before the argument began. In fact there is nothing upon either the exceptions taken or the special charges asked showing when same were presented to the court. Nothing appears in any of the bills of exception which supply such defects or by which we may know whether the exceptions to the charge were taken or the special charges asked, at the time required by statute. In such condition of the record we cannot consider any of the bills of exception thus complaining of the refusal of the special charges or the exceptions to the main charge.

The testimony was in conflict as to who began the difficulty, but this presents a question of fact which the jury has settled adversely to appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*