

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

February 1, 1939

Hon. W. A. (Bill) Morrison
Criminal District Attorney
Milam County
Cameron, Texas

Opinion No. 181
Re: Legality of vacancy appoint-
ment of non-resident of Cameron
to the office of City Attorney.

Dear Mr. Morrison:

By your inquiry under date of January 17, 1939, you seek the opinion of this Department upon the legality of the contemplated appointment by the Mayor and City Council of Cameron, to the office of City Attorney, of an attorney who does not live within the corporate limits of said city.

You append to your letter of inquiry certain statutes of Title 28 of the Revised Statutes, applicable to municipalities operating under the general law and having the aldermanic form of government; hence for the purposes of this opinion, we shall assume that the City of Cameron is existing under that form of government, and your question will be determined by statutes pertaining thereto.

Article 977, Revised Civil Statutes, provides for the governing officials of such municipal corporations and constitutes them elective offices.

Article 989, Revised Civil Statutes, provides for the filling of vacancies in the office of mayor or alderman by special elections and other statutory offices, including that of city attorney, by appointment. In respect to such appointment, said statute provides, in part, as follows:

"In case of a vacancy in any other office in the city, the mayor or acting mayor shall fill such vacancy by appointment, to be confirmed by the city council."

The foregoing statute embraces vacancies arising from whatever cause, including resignations, as in the instant case, State ex rel Kingsbury v. Brinkerhoff, 17 S.W. 109. Consequently, the Mayor and City Council of Cameron are properly proceeding, under said statutory authority, to fill the vacancy in the office of City Attorney by appointment. The only difficulty confronting them is the residential requirements or qualifications for the office of City Attorney, embodied in Article 1003, Revised Civil Statutes, 1925, as follows:

"No person other than an elector resident of the city shall be appointed to any office by the city council."

The question presented by the application of the foregoing statutes to your inquiry is thus posed:

Is a vacancy appointment of a city attorney <u>by the Mayor of Cameron, with confirmation by the City Council</u>, under Article 989, Revised Civil Statutes, tantamount to or equivalent to the appointment of such officer <u>by the City Council</u>, under Article 1003, Revised Civil Statutes, so as to make the residential requirements of the latter Article applicable?

If an affirmative answer to the above question is warranted, the residential requirements of Article 1003, Revised Civil Statutes, will prevent the appointment to the office of city attorney of any lawyer who does not live within the corporate limits of the City of Cameron.  If, on the contrary, there is a valid distinction to be drawn between appointment to this office <u>by the mayor</u>, upon confirmation by City Council, within the language of Article 989, on the one hand, and appointment to this office <u>by the City Council</u> within the meaning of Article 1003, Revised Civil Statutes, on the other hand, then the contemplated appointment in this case is sustainable.

While this question is not without difficulty, it is our conclusion that the foregoing question should be answered in the affirmative.  Any other construction of Article 1003, Revised Civil Statutes, would render it, for all practical purposes, a nullity and defeat the palpable purpose of the Legislature to require all municipal officers to be residents of the municipality in question. Article 2927, Revised Civil Statutes, 1925, is a general statute governing the eligibility of elective State, county, precinct and municipal officers, and as to the latter, requires residence in the municipality involved.  Article 987, Revised Civil Statutes, 1925, provides that no person shall be eligible to the office of mayor or alderman, unless he has resided for a certain period within the city limits.  As we have hereinabove shown, Article 1003, Revised Civil Statutes, 1925, requires that no person shall be appointed to any office by the city council unless he resides within the corporate limits of the city in question.  Article 989, Revised Civil Statutes, 1925, under which the appointment in this case is made, is silent as to residential qualifications, but we submit that in the absence of an express provision in such statute allowing the appointment of non-residents, we are not justified in ascribing to the Legislature an intent to create in this one instance an exception to its universal policy of requiring municipal officers to be residents of the city which they are elected to serve.

Moreover, it is our conclusion that the vacancy appointments by the mayor with confirmation by the city council, in accordance with Article 989, Revised Civil Statutes, 1925, should, under reasonable statutory construction and the authorities, be deemed an appointment by the city council, so as to bring into operation the residential requirements of Article 1003, Revised Civil Statutes, because "city council" is by statutory definition in Article 977, Revised Civil Statutes, 1925, and under the common acception of the term, composed of the mayor and aldermen. Vacancy appointments are made by the "city council" in this sense of the term, and are not made by the mayor alone or by the aldermen alone. The power to appoint said officers under Article 989, Revised Civil Statutes, 1925, is not absolute in the mayor, but conditional upon its confirmation by the city council.

This conclusion finds support in the decisions of this and other states, holding, in principle, that where the power of appointment is absolute and the appointee has been determined upon, no further consent or approval is necessary, and the appointment may be considered as made, but where the assent or confirmation of some other officer or body is required, the appointment can be complete only when such assent or confirmation is obtained, because it is not until then that the last act required of the appointing power is performed. Brumby v. Boyd, et al, 66 S.W. 874. Mechem, Public Offices, Section 114 and cases cited.

In the case of Brumby v. Boyd, supra, the municipal charter under consideration provides as follows:

"In case of a vacancy in any elective office, from whatever reason, the council, upon nomination by the mayor, shall fill the vacancy by the selection of some person by a vote of a majority of the aldermen elected and qualified."

With reference to whether this charter provision conferred the power of appointment upon the mayor or upon the city council, the court had this to say:

"We think it is clear from the language of the charter above quoted that the mayor has no authority to fill a vacancy in an elective office, and that such authority is vested solely in the city council. The selection of the person to fill such vacancy must be by the council, which is composed of the mayor and board of aldermen. Neither can act in the matter independent of the other, and no legal appointment, temporary or otherwise, can be made unless concurred in by both the mayor and a majority of the board of aldermen. The nomination by the mayor is only the initial

step in making the appointment, and the appoint-
ment becomes complete only when concurred in by
a majority of the aldermen. Mechem, Pub.Off.
Par. 114, . ."

Under this authority, we believe the word "appointment",
as employed in Article 989, Revised Civil Statutes, must be con-
strued to mean "selection" or "nomination" by the mayor, and that
the appointment is only complete when such selection or nomination
is confirmed by the city council. It necessarily follows that the
appointment to fill the vacancy in the office of City Attorney of
Cameron is governed by the residential requirements of Article
1003, Revised Civil Statutes, and that no attorney who lives beyond
the confines of the City of Cameron can legally be appointed to
this office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Pat M. Neff, Jr.

Assistant

PMN:N:wb

APPROVED
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS