**BERNHARDT v. CITY OF EL PASO et al.**

No. 4748.

Court of Civil Appeals of Texas.
El Paso.

July 19, 1950.

E. B. Elfers, El Paso, for appellant.

Fryer & Milstead and J. H. McBroom, all of El Paso, for appellees.

SUTTON, Justice.

This is an appeal from a declaratory judgment rendered in the 41st District Court of El Paso County. The trial was to the Court without a jury.

The appeal is submitted on a lone proposition, the trial court erred in determining and adjudging that the status of the plaintiff, H. S. Bernhardt, in the police department of the City of El Paso, beginning January 4, 1950, was that of a Lieutenant of Police. The facts are not in dispute. It is conceded for the purpose of this appeal, as found by the trial court, plaintiff was Assistant Chief of Police on January 3, 1950, the date when the abolition of that office became effective. Plaintiff contends he should have had the status of captain on the ground he was a captain on the date he became Assistant Chief of Police.

The facts upon which he rests his claim are that on April 14, 1949, and for several years prior thereto he was a lieutenant in the police department, and was on such date eligible to be appointed captain. On April 15, 1949, the Mayor appointed him a captain, and on April 16, 1949, appointed him temporary Assistant Chief of Police, in which position he served until an examination was had under the Civil Service Amendment of the City to obtain an eligible list for appointment as permanent Assistant Chief. Plaintiff took the examination and qualified and was appointed Assistant Chief by the Mayor July 19, 1949, in which position he

served until the abolition of the office aforesaid. It was agreed that under an ordinance of the City the Mayor was authorized to make the appointment subject to the approval of the City Council. No action was ever taken by the Council on the appointment of plaintiff as captain. He drew no salary as captain but drew the salary of Assistant Chief from the date he was promoted from lieutenant until the office was abolished January 3, 1950.

■ The Civil Service Amendment provided for the classification of City officials and employees, and put the police department in the classified service. Prior to April, 1949, the City employed J. L. Jacobs and Company to make a survey and determine if the classification then in force were just and proper. The report of that Company on the survey was embodied in an ordinance dated April 7, 1949. The Jacobs classification listed each position in the police department and set forth the duties required of each, the minimum qualifications for each and the usual lines of promotion, listing the same thus:

> "Usual Lines of Promotion
> From — Police Sergeant
> To — Police Captain
> ⸺ ⸺ ⸺ ⸺ ⸺
> Title: Police Captain
> Duties: * * *
> Examples: * * *
> Minimum Qualifications: * * *"

(Setting forth in each instance the duties, examples and minimum qualifications).

The Statement of Facts under "Usual Lines of Promotion lists:

"From — Police Lieutenant
To — Assistant Police Chief", but it is thought it was intended to be from Captain to Assistant Police Chief and it will be so regarded, as it is in the brief and argument, because it is immaterial in our opinion as to which it is. Plaintiff contends the ordinance embodying the Jacobs Classifications required the rank of Captain before one could be promoted to Assistant Chief, but there is nothing mandatory in the provisions of the ordinance so far as is disclosed by the record but it is merely a suggested line of promotion. If it were mandatory it would not help plaintiff.

■■ A generally accepted and recognized rule of law is when an appointment or nomination is made by one authority subject to the confirmation or approval of another the appointment is not complete until the action of both bodies has been had.

46 C.J. 953, § 68. This rule applies to Municipal Corporations, 62 C.J.S. 910, § 473. "By Mayor and Council". The rule is adhered to in Texas in an opinion by one of our most distinguished judges in Brumby v. Boyd, 28 Tex.Civ.App. 164, 66 S.W. 874, in language we need not undertake to improve upon nor here repeat. It is apparent to us under the rules of law referred to plaintiff never became a captain and that the trial court did not err in determining and adjudging that his status was that of a lieutenant of police.

The judgment is affirmed.