William Addison MILLER, Jr., Appellant,

v.

CITY OF ALAMO HEIGHTS et al.,
Appellees.

No. 12850.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 7, 1955.

Rehearing Denied Sept. 28, 1955.

Spears & LeLaurin, San Antonio, for appellant.

Remy, Burns & Schiller, San Antonio, for appellees.

POPE, Justice.

William Addison Miller, Jr., has appealed from a summary judgment which refused to reinstate him to the office of deputy city marshal of the City of Alamo Heights and to award him his back salary. He claimed that he was suspended without a hearing as required by law. He was denied all relief after a summary judgment proceeding.

Without an office there can be no officer. On that principle, the trial court correctly held that appellant's claim should be denied, since the office which he claimed did not exist. Both parties recognize that a deputy city marshal is an officer. The City of Alamo Heights did not pass any ordinance with reference to the appointment of deputy city marshals in general or Miller in particular.

The interpretation of Articles 977 and 999, Vernon's Ann.Civ.Stats., is the legal point involved. The City of Alamo Heights relies upon Article 977 and insists that under its requirements an ordinance was necessary before any appointment of Miller could be made. That Article names the officers for a municipality and provides further, that:

"Other officers of the corporation shall be a treasurer, an assessor and collector, a secretary, a city attorney, a marshal, a city engineer, and such other officers and agents as the city council may from time to time direct, who may either be appointed or elected as provided by ordinance."

Appellant, Miller, relies upon Article 999, Vernon's Ann.Civ.Stats., and claims that it is self-enacting, by its terms creates the office of deputy city marshal, and needs no enabling ordinance. Its pertinent parts are:

"The marshal of the city shall be ex-officio chief of police, and may appoint one or more deputies which appoint-ment shall only be valid upon the approval of the city council."

On April 8, 1952, the city marshal undertook to appoint Miller. Thereafter the city council set his salary and Miller took the oath of office, received his commission, his uniform and badge and performed as deputy city marshal for a period of four months, during which time he received his pay. He was then suspended. Miller does not contend that those facts operated to create an office, but he does insist that these acts amounted to an appointment and recognition of an appointment to an office which was already created by Article 999.

■ The selection of a de jure deputy city marshal results when and only when (1) the office is in being, Holcombe v. Grota, 129 Tex. 100, 102 S.W.2d 1041, 110 A.L.R. 234; City of San Antonio v. Coultress, Tex.Civ.App., 169 S.W. 917; (2) one qualified to hold the office is properly appointed or elected, Uhr v. Brown, Tex. Civ.App., 191 S.W. 379; (3) the selection is approved as required by law. Bernhardt v. City of El Paso, Tex.Civ.App., 233 S.W.2d 357; Brumby v. Boyd, 28 Tex.Civ. App. 164, 66 S.W. 874. Without a compliance with the first of these requirements, compliance with the other two is unimportant. City of San Antonio v. Coultress, supra; Noel v. San Antonio, 11 Tex.Civ. App. 580, 33 S.W. 263, 266.

■ We hold that the office of deputy city marshal, claimed by Miller, was not in existence and he never became an officer. We do not question the principle that a statute creating an office may be self-enacting. Rich v. Graybar Electric Co., Tex.Com.App., 125 Tex. 470, 84 S.W.2d 708, 102 A.L.R. 171; Murray v. State, 125 Tex.Cr.R. 252, 67 S.W.2d 274; 3 McQuillan on Municipal Corporations, § 12.87. Appellant, however, limits his attention to the provisions of Article 999 only, but in doing so ignores Article 977. Were we to hold that Article 999 is self-enacting with no need for an enabling ordinance, then how shall we dispose of the provisions of Article 977, which states that those appointed or

elected must be "as provided by ordinance"? Article 977 is a part of the same Title as Article 999, and the former names those who may be officers. It declares that an ordinance shall state who "may either be appointed or elected". The two articles must be construed together. Because some statutes are self-enacting, it does not follow that we should ignore words of a statute which show an intent that it is not self-enacting.

Prior to 1949, Article 977, in naming the other city officials, provided only for "such other officers and agents as the city council may from time to time direct". There was no express requirement for an ordinance at that time in either Article 977 or 999. The 51st Legislature, however, added to the end of the quoted clause the new words: "who may either be appointed or elected as provided by ordinance." Acts 1949, 51st Leg. p. 375, Ch. 199, § 1. The change expressly made the naming of those other officers or agents, whether it be by appointment or election, dependent upon the adoption of an ordinance. Several cases had arisen in Texas prior to the amendment which required, as is true in this case, the determination of the existence or not of an office. Those cases construed provisions in the law which authorize appointments in phrases and language similar to the phrase "as provided by ordinance" used by the Legislature in the 1949 amendment to Article 977. In each of those cases, the courts concluded that until the necessary ordinance was passed no office existed. Those opinions hold that the phrase vested the City Council with the control over the creation of offices. We are of the opinion that the Legislature in using similar language intended that the city council by ordinance should control the nature, number and form of selection of its officers. City of Dallas v. McDonald, 130 Tex. 299, 103 S.W.2d 725, Id., 130 Tex. 299, 107 S.W.2d 987; Holecombe v. Grota, 129 Tex. 100, 102 S.W.2d 1041, 110 A.L.R. 234; McGuire v. City of Dallas, Tex.Civ.App., 151 S.W. 2d 617; City of San Antonio v. Coultress, Tex.Civ.App., 169 S.W. 917.

Appellant, Miller, relies upon Pitts v. State, 97 Tex.Cr.R. 642, 263 S.W. 1059; Pitts v. State, 97 Tex.Cr.R. 634, 263 S.W. 1061; and City of Paris v. Cabiness, 44 Tex.Civ.App. 587, 98 S.W. 925. When those cases were decided Article 977 had not been amended to require an ordinance.

The judgment is affirmed.