

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Fred Toler, Executive Director
Texas Commission on Law Enforcement
   Officer Standards and Education
220-E Twin Towers Office Building
1106 Clayton Lane
Austin, Texas   78723

Opinion No.  MW-527

Re:   Whether article 4413
(29aa), V.T.C.S., applies to
elected city marshals

Dear Mr. Toler:

    Attorney General Opinion MW-262 (1980) concerned the applicability of article 4413(29aa) certification requirements to an individual appointed by the mayor to serve out the term of the elected city marshal. It concluded that an individual must have peace officer certification under article 4413(29aa) to legally serve as city marshal. You request a clarification of this opinion and ask whether these same requirements apply to an individual who holds the office of city marshal by popular election rather than by appointment. We conclude that they do.

    The city marshal is the ex-officio chief of police, whose duties consist of executing all writs and process issued from the corporation court, executing warrants, preserving the peace and arresting violators of the public peace. V.T.C.S. art. 999. In cities operating under the commission form of government, the commissioners are empowered to appoint a police force and "such other offices as they may deem necessary." V.T.C.S. art. 1161. However, unless its population numbers less than 5,000, general law cities must provide a city marshal, and the city marshal may be either appointed or elected under article 978, V.T.C.S., as provided by city ordinance. V.T.C.S. art. 977; Attorney General Opinion C-661 (1966). See also Miller v. City of Alamo Heights, 282 S.W.2d 264 (Tex. Civ. App. - San Antonio 1955, writ ref'd n.r.e.). Under this statutory scheme, a popularly elected marshal has the identical duties and responsibilities as a marshal appointed by the city council.

    In 1965, the legislature, in an attempt to upgrade the responsible effectiveness of law enforcement personnel, passed article 4413(29aa), V.T.C.S., creating the Commission on Law Enforcement Officer Standards and Education [hereinafter the commission]. The present form of this statute authorizes the commission to establish minimum standards for the certification of "peace officers," as

designated by article 2.12 of the Code of Criminal Procedure, and to issue licenses to those qualified under this act. V.T.C.S. art. 4413 (29aa), §§1, 2(b), (c). It further provides that:

> Sec. 6. ...(b) A person who has not satisfactorily completed preparatory training in law enforcement... is eligible to be appointed as a peace officer... only on a probationary basis....
>
> (c) No person who does not have a license issued by the Commission shall be appointed as a peace officer....

These provisions are qualified by the specific exemption found in section 6(f):

> Nothing herein shall be construed... to affect any sheriff, constable or other law enforcement officer <u>elected under the provisions of the Constitution of the State of Texas.</u> (Emphasis added).

In Attorney General Opinion MW-111 (1979), this office construed section 6(f) as exempting from certification those persons occupying constitutional law enforcement offices. The opinion concluded that since the constitutional office itself was excepted from article 4413 (29aa), it was immaterial that a person held the position by appointment rather than by popular election, despite the literal languge of the provision:

> [I]f the statute were construed otherwise, the requirements of the statute would constitute qualifications for the office. There would be one set of qualifications for the office if occupied by an appointee, and another set for it if occupied by a person popularly elected to it.

Attorney General Opinion MW-111 (1979) at 353. Use of the word "elected" in section 6(f) was construed broadly to include an "election" by the commissioners court, as well as an election by the voting public.

Under this analysis, if elected city marshals fall within the scope of article 4413(29aa), section 6(f) would not exempt them from its requirements. City marshals are not "elected under the provisions of the Constitution of the State of Texas." V.T.C.S. art. 4413 (29aa), §6(f). Whether filled by means of a popular election or an appointment, the office of city marshal is a statutory, as opposed to

a constitutional, law enforcement office. See V.T.C.S. arts. 977;999;999b. Compare Tex. Const. art. V, §§23 (office of sheriff), 18 (office of constable). See also Attorney General Opinions MW-233 (1980); H-1002 (1977); M-1267 (1972).

City marshals are "peace officers" within the meaning of article 4413(29aa) and thus are subject to the certification requirements established by the commission. Code of Crim. Proc. art. 2.12(3); V.T.C.S. art. 4413(29aa), §6(h); Attorney General Opinion MW-262 (1980). Under article 2.12 of the Code of Criminal Procedure, classification of the city marshal as a peace officer does not depend on the manner in which that office was filled under article 999, V.T.C.S. In passing article 999, the legislature sought to give city councils of general law cities the ability to control by ordinance the method of selecting its city officers. Miller v. City of Alamo Heights, supra at 266. However, we do not believe that the legislature intended the application of article 4413(29aa), and its protection of the public welfare, to depend upon the mode of selection that such cities may choose to adopt. To hold otherwise would allow "one set of qualifications for the office if occupied by an appointee and another set for it if occupied by a person popularly elected to it," Attorney General Opinion MW-111 (1979) at 353, and permit general law cities to circumvent by ordinance statutory requirements pertaining to qualifications of peace officers. Cf. State v. Provenzano, 169 A.2d 135 (N.J. 1961).

Statutory language will be construed to give effect to the legislative intent. National Surety Corp. v. Ladd, 115 S.W.2d 600 (Tex. 1938). When necessary to fulfill the legislative intent and to effectuate the legislative purpose in passing the act, the meaning of words will be extended beyond or restricted within their natural import. Lunsford v. City of Bryan, 297 S.W.2d 115 (Tex. 1957); City of Mason v. West Texas Utilities Company, 237 S.W.2d 273, 278 (Tex. 1951). The prohibitory provisions of section 6 of article 4413(29aa) forbid the appointment of an unlicensed individual as a peace officer. Courts have construed the word "appoint" to include any manner of selection, whether by election or otherwise, where necessary to fulfill the legislative intent. See, e.g., State v. Provenzano, supra; State v. Compson, 54 P. 349 (Ore. 1899); Pierce v. Guggenheimer, 44 A.D. 399, 60 N.Y.S. 703 (1899). In order to implement the legislative purpose of improving the quality of law enforcement personnel, we believe the courts would liberally construe the word "appointed" in article 4413(29aa) to reach city marshals elected by the voting public, as well as those elected by city councils. See Wagner v. City of San Angelo, 546 S.W.2d 378 (Tex. Civ. App. - Austin 1977, no writ) (use of the word "appointment" in article 1269m, V.T.C.S., which guarantees to terminated chief of police the right to be reinstated in position no lower than rank he held at "time

of appointment," broadly construed to encompass election as well as appointment).

We therefore conclude that elected city marshals must meet the licensing requirements imposed by the commission under article 4413(29aa), V.T.C.S.  We note that neither the Texas nor United States Constitution prohibits the legislature from enacting reasonable and rational qualification requirements for those seeking election to a statutory office.  See Burroughs v. Lyles, 181 S.W.2d 570 (Tex. 1944); Dickson v. Strickland, 265 S.W. 1012 (Tex. 1924); 21 Tex. Jur. 2d Elections §3.

## S U M M A R Y

Article 4413(29aa) applies to elected city marshals.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Tim Guill
Patricia Hinojosa
Jim Moellinger